THE STATE OF OHIO, APPELLEE, *v.* SWIGER, APPELLANT.

(No. 17-85-9 — Decided January 21, 1987.)

*James F. Stevenson,* assistant prosecuting attorney, for appellee.

*Howard Swinehart,* for appellant.

MILLER J. This is an appeal by defendant, Leroy Swiger, from a judgment of conviction and sentence entered on a jury verdict by the Court of Common Pleas of Shelby County.

Defendant was indicted for aggravated burglary, the indictment being as follows:

"* * * that Leroy E. Swiger

"*Count I — Aggravated Burglary — O.R.C. Section 2911.11 — AF — 1*

"On or about November 8, 1984, did in this County violate Ohio Revised Code Section 2911.11 in that he by force, stealth, or deception, trespassed in an occupied structure as defined in Section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein a theft offense, as defined in Section 2913.01 of the Revised Code, when the occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present, to-wit: the residence of Elaine Ross, 331 Folkerth Avenue, Sidney, Ohio, an aggravated felony offense of the first degree.

"*Specification as to Count I:* The Grand Jurors further find and specify that Leroy E. Swiger has previously

been convicted of Robbery, in violation of Section 2911.02 of the Ohio Revised Code in the Shelby County Common Pleas Court, Sidney, Ohio, on or about April 21, 1977, in Case No. 77-CR-1234, and, further, that the Defendant has been previously convicted of the crime of Felonious Assault, in the Shelby County Common Pleas Court, Sidney, Ohio, on or about April 21, 1977, in Case No. 77-CR-1021.

"against the peace and dignity of the State of Ohio."

At the commencement of trial defense counsel entered an objection to any mention of the specification, *i.e.,* prior convictions of defendant, until sentencing.

The trial court determined that such should go to the jury with specific instructions as to the purpose for which it was to be considered by the jury.

During the state's case-in-chief, a witness was called to testify as to the identity of the prior judgments of conviction and as to the identity of defendant.

The trial court thereafter charged the jury as to the prior convictions as follows:

"In this case, the Court has permitted the State to introduce evidence indicating that the Defendant has been convicted of robbery on or about April [2]1st, 1977, in case number 77-CR-1234, and also the crime of felonious assault on April 21st, 1977, in case number 77-CR-1021.

"Now the reason the Court has permitted this to come into evidence may be considered by you only for the limited purpose to determine whether the Defendant was previously convicted of robbery and/or felonious assault. It must not be considered by you for any other purpose whatsoever. This evidence cannot be used by you as direct or circumstantial evidence or or [*sic*] as a basis to make an inference that the Defendant is guilty or not guilty of the present offense.

"* * *"

Defendant in his appeal sets forth one assignment of error which asserts that the trial court erred in presenting evidence of prior convictions to the jury over the objections of defense counsel.

R.C. 2941.142 provides:

"Imposition of a term of actual incarceration upon an offender pursuant to division (B)(1)(b), (2)(b), or (3)(b) of section 2929.11 of the Revised Code because the offender has previously been convicted of or pleaded guilty to any aggravated felony of the first, second, or third degree, aggravated murder or murder, or any offense set forth in any existing or former law of this state, any other state, or the United States that is substantially equivalent to any aggravated felony of the first, second, or third degree or to aggravated murder or murder is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender has previously been convicted of or pleaded guilty to such an offense. Such a specification shall be stated at the end of the body of the indictment, count, or information and shall be in substantially the following form:

" '*Specification (or, Specification to the First Count).* The grand jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth that the offender has previously been convicted and name the offense).'

"A certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar is sufficient to prove the prior conviction.

If an indictment, count in an indictment, or information that charges a defendant with an aggravated felony contains such a specification, the defendant may request that the trial judge, in a case tried by a jury, determine the existence of the specification at the sentencing hearing.''

Evidence which tends to show that an accused has committed another crime wholly independent of the offense for which he is on trial is generally inadmissible. *State* v. *Curry* (1975), 43 Ohio St. 2d 66, 72 O.O. 2d 37, 330 N.E. 2d 720.

Exceptions exist such as where the defendant has taken the stand to testify; under the provisions of R.C. 2945.59 to prove motive, intent, absence of mistake or accident, etc.; and where the former conviction is an element of the current offense, *i.e.*, R.C. 2913.02, the theft statute, where the previous conviction elevates any theft offense to grand theft.

Here, the specification goes only to actual incarceration, a matter totally left to the trial judge.

We thus conclude that by the provisions of the final paragraph of R.C. 2941.142, if a specification of prior conviction is contained in the indictment and the defendant requests the trial judge in a case tried to a jury to determine the existence of the specification at the sentencing hearing it is prejudicially erroneous to permit evidence of the specification to go to the jury.

We find defendant's assignment of error well-taken, reverse the trial court's judgment, and remand for a new trial.

*Judgment reversed.*

GUERNSEY, P.J., and COLE, J., concur.