THE STATE OF OHIO, APPELLANT, *v*. ALLEN, APPELLEE.

[Cite as State *v*. Allen (1987), 29 Ohio St. 3d 53.]

(No. 86-1115—Decided April 1, 1987.)

*Terry L. Lewis,* for appellant.

*Rudd, Silverberg, Zaharieff & Orlins Co., L.P.A., J. Gordon Rudd* and *David A. Orlins,* for appellee.

DOUGLAS, J.  The sole question before this court is whether the existence of a prior conviction is an essential element of the offense where that previous conviction affects only the penalty and does not enhance the degree of the offense itself. We hold that in such a case, the prior conviction is not an element of the offense.

Appellant argues that Ohio case law holds that where the penalty for a particular crime is enhanced by virtue of a prior conviction of the same offense, the prior offense is an essential element of the subsequent offense, and must be charged in the indictment and proved by the state. In support of this argument, appellant cites *State* v. *Gordon* (1971), 28 Ohio St. 2d 45, 57 O.O. 2d 180, 276 N.E. 2d 243, and *State* v. *Henderson* (1979), 58 Ohio St. 2d 171, 12 O.O. 3d 177, 389 N.E. 2d 494.

We do not agree with this characterization of the relevant authorities. A close examination of the case law reveals that the decisions cited by appellant are not dispositive here.

In *State* v. *Gordon, supra,* this court held that "[i]n order for the 'second offense' penalty of R.C. 4549.99 to be imposed for violation of R.C. 4549.04(B) (operating a motor vehicle without the owner's consent) it is necessary that the indictment charge a prior offense as an element of the crime and that such a prior offense be proved as a matter of fact." *Id.* at paragraph one of the syllabus. R.C. 4549.99, as it existed then, provided that a second offense under R.C. 4549.04(B) elevated that offense from a misdemeanor to a felony. Thus, the fact of a prior conviction did not simply enhance the penalty. It transformed the crime itself by increasing its degree. In such a case, the prior conviction is an essential element of the crime, and must be proved by the state.

*State* v. *Henderson, supra,* is distinguishable on the same basis. In that case, the prior conviction raised the offense from petty theft to grand theft, transforming it from a misdemeanor to a felony of the fourth degree. The *Henderson* court relied on *Gordon* to find that the prior theft conviction was an essential element of the offense of grand theft and must be demonstrated beyond a reasonable doubt. *Id.* at 173, 12 O.O. 3d at 178, 389 N.E. 2d at 495.

By contrast, neither the statute under which appellee herein was convicted, R.C. 4511.19(A)(1), nor the relevant penalty statute, R.C. 4511.99 (A)(3),[2] provides that the *degree* of the offense is increased by virtue of the prior offenses. Only the penalty is enhanced. The requirement under *Gordon* and *Henderson* of alleging and proving the prior offense is limited to those cases where the prior offense elevates the degree of the crime in question. Where, as here, the prior offense affects only the penalty, it is not an essential element of the subsequent offense, but strictly a sentencing consideration for the court. See *State* v. *Cichy* (1984), 18 Ohio App. 3d 6, 18 OBR 30, 480 N.E. 2d 90.

The existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule. The undeniable effect of such information is to incite the jury to convict based on past misconduct rather than restrict their attention to the offense at hand. For this reason, we do not consider the trial court's admonitions to the jury that appellee's prior convictions are immaterial to his guilt of the present charge sufficient to cure the error. Nor are we persuaded that appellee would have been convicted absent the disclosure to the jury of appellee's two prior convictions. See *State* v. *Bayless* (1976), 48 Ohio St. 2d 73, 2 O.O. 3d 249, 357 N.E. 2d 1035, paragraph seven of the syllabus, vacated in part on other grounds (1978), 438 U.S. 911.

Therefore, in accordance with the foregoing, we hold that where the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and need not be alleged in the indictment or proved as a matter of fact.

The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

---

[2] R.C. 4511.99(A)(3) provides:

"If, within five years of the offense, the offender has been convicted of or pleaded guilty to more than one violation of section 4511.19 of the Revised Code, of a municipal ordinance relating to operating a motor vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, of a municipal ordinance relating to operating a motor vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, or of section 2903.06 or 2903.07 of the Revised Code in a case in which the jury or judge found that the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, the court shall sentence the offender to a term of imprisonment of thirty consecutive days and may sentence the offender to a longer term of imprisonment of not more than one year. In addition, the court shall impose upon the offender a fine of not less than one hundred fifty nor more than one thousand dollars.

"In addition to any other sentence that it imposes upon the offender, the court may require the offender to attend a drivers' intervention program that is certified pursuant to section 3720.06 of the Revised Code."