The **STATE** of Ohio, Appellee,

v.

**IRESON, Appellant.**

[Cite as *State v. Ireson* (1991), 72 Ohio App.3d 235.]

Court of Appeals of Ohio,
Ross County.

No. 1642.

Decided Jan. 22, 1991.

*Richard G. Ward*, Prosecuting Attorney, and *William H. Allyn, Jr.*, Assistant Prosecuting Attorney, for appellee.

*Hirsch, Stanhope & Co., L.P.A.*, and *Carl P. Hirsch, Jr.*, for appellant.

HARSHA, Judge.

This is an appeal from a judgment of conviction and sentence entered upon a jury verdict by the Ross County Court of Common Pleas finding Chester G. Ireson, defendant-appellant, guilty of domestic violence with a prior conviction for domestic violence, in violation of R.C. 2919.25, a felony of the fourth degree.

Appellant assigns the following error:

"When the defendant/appellant's prior convictions are admissible solely for the purpose of determining the sentence to be imposed, and upon the request of the defendant/appellant, the jury should not be informed of the priors, either through allegations in the charge or by introduction of evidence, until it

has found the defendant/appellant guilty, and the denial thereof is prejudicial error."

On June 7, 1989, appellant was convicted of a misdemeanor offense of domestic violence. On June 23, 1989, a Ross County grand jury returned a secret indictment which charged, in pertinent part, as follows:

"That Chester G. Ireson, on or about the 15th day of June, 1989, at the County of Ross aforesaid did knowingly cause or attempt to cause physical harm to Rebecca S. Ireson, a family or household member, the said Chester G. Ireson having been previously convicted of Domestic Violence, Section 2919.25 of the Ohio Revised Code, on or about the 7th day of June, 1989, in the Municipal Court of Chillicothe, Ohio, in violation of Section 2919.25 of the Ohio Revised Code and against the peace and dignity of the State of Ohio.

"SPECIFICATION: The Grand Jurors further find and specify that Chester G. Ireson has previously been convicted of an offense of violence, to wit: Domestic Violence, Section 2919.25 of the Ohio Revised Code, in the Chillicothe Municipal Court, Chillicothe, Ohio, on or about the 7th day of June, 1989."

On June 26, 1989, appellant entered a plea of not guilty to the charge and specification set forth in the secret indictment. Appellant also requested a jury trial. On October 16, 1989, appellant filed a motion *in limine* for an order prohibiting witness testimony concerning appellant's prior misdemeanor, domestic-violence conviction, and requiring that the specification on the indictment be determined by the trial court rather than the jury. Appellant's counsel reiterated his request during trial and further noted that he wanted both the element of the crime relating to his prior conviction as well as the prior conviction specification tried separately to the court. The trial court denied appellant's request for the following reasons:

"[T]he element or the inclusion of that allegation in the main charges constitutes a material element of the offense, and as such, must be presented to the jury for a decision by the jury. The Court feels that a bifurcated trial is not the proper or appropriate method of reviewing that."

The trial court gave limiting instructions to the jury concerning appellant's prior domestic-violence conviction. The jury returned a verdict finding appellant guilty as charged in the indictment. On October 23, 1989, the trial court entered a judgment which reflected the jury verdict, and on November 28, 1989, the trial court sentenced appellant to an indefinite term of one and one-half years to five years in the Ohio State Reformatory and fined him in the amount of $500.

Appellant's sole assignment of error on appeal asserts that the trial court erred in denying his request that the jury not be informed of his prior conviction for domestic violence since appellant's prior conviction for domestic violence was admissible solely for the purpose of determining the sentence to be imposed.

R.C. 2941.143 provides as follows:

"Imposition of an indefinite term pursuant to division (B)(6) or (7) of section 2929.11 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies either that, during the commission of the offense, the offender caused physical harm to any person or made an actual threat of physical harm to any person with a deadly weapon, as defined in section 2923.11 of the Revised Code, or that the offender has previously been convicted of or pleaded guilty to an offense of violence. Such a specification shall be stated at the end of the body of the indictment, count, or information and shall be in substantially the following form:

" 'SPECIFICATION (or, SPECIFICATION TO THE FIRST COUNT). The grand jurors (or insert the person's or the prosecuting attorney's name when appropriate) further find and specify that (set forth the allegation either that, during the commission of the offense, the offender caused physical harm to any person, or made an actual threat of physical harm to any person with a deadly weapon, or that the offender has previously been convicted of or pleaded guilty to an offense of violence).'

"A certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar is sufficient to prove the prior conviction. *If an indictment, count in an indictment, or information that charges a defendant with a third or fourth degree felony contains such a specification, the defendant may request that the trial judge, in a case tried by a jury, determine the existence of the specification at the sentencing hearing.*" (Emphasis added.)

R.C. 2941.143 grants the accused the option to have the sentencing specifications litigated in a separate sentencing hearing before the trial judge, leaving only the underlying charge for the jury's consideration. *State v. Riggins* (1986), 35 Ohio App.3d 1, 519 N.E.2d 397; see, also, *State v. Watters* (1985), 27 Ohio App.3d 186, 27 OBR 224, 500 N.E.2d 312. One rationale for the enactment of R.C. 2941.143 has been stated as follows:

"* * * The underlying prejudice inherent in the use of prior convictions is the jury's propensity to convict based on the previous convictions instead of the weight of the evidence establishing the elements of the offense. The use

of this type of evidence is also restricted because it jeopardizes the presumption of innocence and reduces the prosecution's burden to prove the substantive offense beyond a reasonable doubt. There can be little debate concerning the jury's ability to isolate their knowledge of the defendant's prior conviction while considering his guilt on the underlying substantive offense." (Footnotes omitted.) Guttenberg, Recent Changes in Ohio Sentencing Law: The Questions Left Unanswered (1983), 15 U.Tol.L.Rev. 35, 51.

■ Therefore, once a defendant requests a bifurcated determination of the existence of the sentencing specification, judicial discretion requires severance of those counts in the indictment pursuant to R.C. 2941.143. *Riggins, supra,* 35 Ohio App.3d at 6, 519 N.E.2d at 404. However, the prior conviction in the case at bar was an essential element of the charged felony offense of domestic violence, since R.C. 2919.25 provides, in pertinent part, as follows:

"(A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.

"(B) No person shall recklessly cause serious physical harm to a family or household member.

"(C) No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member.

"(D) Whoever violates this section is guilty of domestic violence. A violation of division (C) of this section is a misdemeanor of the fourth degree. A violation of division (A) or (B) of this section is a misdemeanor of the first degree. *If the offender previously has been convicted of domestic violence* or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of such violation, *a violation of division (A) or (B) of this section is a felony of the fourth degree."* (Emphasis added.)

■ Where the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and need not be alleged in the indictment or proved as a matter of fact. *State v. Allen* (1987), 29 Ohio St.3d 53, 29 OBR 436, 506 N.E.2d 199, syllabus. Conversely, where the prior conviction elevates the degree of the subsequent offense, it is an essential element of the subsequent offense and may not be bifurcated from the remainder of the elements of the subsequent offense pursuant to R.C. 2941.142 or 2941.143. *Allen, supra,* at 54, 29 OBR at 437, 506 N.E.2d at 200; *State v. Swiger* (1987), 34 Ohio App.3d 371, 518 N.E.2d 972; see, also, *State v. Henderson* (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494, which

held that evidence of a prior theft conviction was admissible to prove an essential element of the subsequent offense of grand theft, *i.e.,* an offense of an elevated degree.

Appellant apparently concedes the applicability of *Allen* and similar cases to the instant case but argues that we should reverse the judgment of the trial court based upon the Comment to O.J.I. 413.35, which provides as follows:

"ABA standard 15–4–4 states: *When the defendant's prior convictions are admissible solely for the purpose of determining the sentence to be imposed, the jury should not be informed of them,* either through allegations in the charge or by the introduction of evidence, until it has found the defendant guilty." (Emphasis added.)

Appellant's reliance on the foregoing is misplaced because appellant's prior misdemeanor conviction for domestic violence in the case at bar was not admissible "solely for the purpose of determining the sentence to be imposed," since the prior conviction was admissible as an essential element of the subsequent domestic-violence felony offense. Appellant further asserts in his reply brief that the failure to afford a bifurcated procedure in the instant case implicitly violated his constitutional rights to an impartial jury and to due process, and was in the nature of a bill of attainder. The general rule is that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. *State v. Williams* (1977), 51 Ohio St.2d 112, 117, 5 O.O.3d 98, 101, 364 N.E.2d 1364, 1367; *State v. Lancaster* (1971), 25 Ohio St.2d 83, 54 O.O.2d 222, 267 N.E.2d 291, paragraph one of the syllabus. This rule applies equally to the failure to assert constitutional rights. *State v. Awan* (1986), 22 Ohio St.3d 120, 122, 22 OBR 199, 201, 489 N.E.2d 277, 279. In that appellant failed to raise these constitutional objections below, appellant has waived these objections on appeal.

Accordingly, pursuant to the holdings in *Allen, Henderson,* and *Swiger, supra,* and absent the enactment by the General Assembly of any statute conferring this bifurcation right to prior convictions which elevate the degree of subsequent offenses, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STEPHENSON, J., concurs.

GREY, J., dissents.

GREY, Judge, dissenting.

I respectfully dissent.

The question in this case is, most basically, what is the effect of evidence of a prior conviction? The answer is given in *State v. Allen* (1987), 29 Ohio St.3d 53, 55, 29 OBR 436, 438, 506 N.E.2d 199, 201:

"The existence of a prior offense is such an inflammatory act that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule. *The undeniable effect of such information is to incite the jury to convict based on past misconduct rather than restrict their attention to the offense at hand."* . (Emphasis added.)

No one doubts that evidence of prior convictions has a bad effect on the jury's perception of the defendant's guilt or innocence. Because of this prejudicial effect, we have the rule that where the prior offense affects only the sentence, it is to be withheld from the jury and considered by the court. This is a good, sensible rule.

But then there is the question: What is the effect of a prior offense on the jury in a case where it raises the degree of the crime? Of course, the answer is that this kind of evidence has the same bad effect on the jury regardless of the purpose for which it is admitted.

Where the prior offense is an element raising the degree of the offense, it must be proved like any other element. A defendant can insist that the state prove each and every element, including the prior-offense element, and its admission would be required.

A defendant is more likely to prefer to keep such evidence from the jury because of its unquestioned prejudicial effect and have that issue resolved by the court. Should a defendant be given that option? I believe this is the better position both for society and the defendant.

Requiring that the evidence of a prior offense be presented to the jury is an anomalous result. In a lesser case where the prior offense only affects the sentence, he is given the right to keep this prejudicial matter from the jury. In the more serious case where the offense is raised to a higher degree, he is prohibited from exercising such a right.

What is the purpose of such a rule? What just result is it designed to achieve? I can see none. This situation brings to mind Justice Oliver Wendell Holmes' famous dictum: "The life of the law has not been logic, but experience." Our experience tells us that this kind of evidence is devastating to the average juror's ability to limit his consideration to only those facts presented in the case before him. This kind of evidence is always bad for a defendant's case.

It is also bad for our society because it makes our criminal convictions unsafe and uncertain. When a crime has been committed, an investigation often begins with the police looking for someone with a record for this kind of crime, a very reasonable practice. When a defendant is arrested and indicted, the prosecutor, the grand jury, and the arraignment judge are all aware of the prior record. The trial judge will probably also be aware of the defendant's record.

If an innocent person has been charged in error, the system is geared to the danger of compounding the error. Virtually everyone involved in the pretrial process will be affected to some extent and reasonably infer that a person with a record is more likely to have committed the crime.

But the issue in the trial is not whether the defendant is *likely* to have committed this crime, but whether he should be convicted on the facts in this case. By insisting on putting this evidence before the jury, we irretrievably bias the one group of persons in the judicial process who are charged by law with the task of assessing guilt or innocence on the facts alone. Why should we bias them? Why do we invite the opportunity for the jury to be misled?

This situation here is somewhat analogous to the problem Evid.R. 403(A) is designed to resolve. Evid.R. 403(A) is rooted in our experience that sometimes relevant evidence is outweighed by its prejudicial effect. The prior conviction, of course, is always relevant since it is an element of the crime charged, but we can avoid the prejudicial effect simply by following the practice of allowing evidence of the prior conviction to be presented separately to the trial judge out of the hearing of the jury.

I am sure the state's prosecutors would not like this procedure, but their objections argue more for the rule than against it. In a very strong case where the prosecution's evidence is compelling, keeping the defendant's record from the jury would have little or no effect, and the prosecution may not care one way or another. In a close case, however, where the state's evidence is not that strong, the prosecution would dearly love to get the prior record admitted because it is very likely to sway the jury—that is, it is most prejudicial in a close case.

The courts are not to be concerned with trial tactics, but are concerned with the integrity of the trial as a truth-finding mechanism. The courts ought not to inject into trials material which they know will be prejudicial when there is a simple, adequate method for avoiding potential prejudice.

I would hold that where a defendant's prior offense enhances either the punishment or the degree of the offense he may elect to have that issue decided by the trial judge outside of the hearing of the jury.

Thus, I dissent.