Appellant-defendant Joe A. Lynch appeals from a conviction in the Lorain County Court of Common Pleas on one count of domestic violence. We affirm.
On August 1, 1996, appellant arrived at the home of a woman with whom he had fathered a child during a past relationship.[1] Upon stating his intention to visit his son, appellant was informed that, in accordance with a court-modified visitation order, he was being denied visitation.[2] Appellant did not accept this, however, and he proceeded to grab the woman, pushing her from the doorway to her house, despite the fact that the woman was nearly nine months pregnant. The victim fell against a nearby piano. Appellant entered the house and was confronted by the victim's stepfather, a seventy-three-year-old man, who also informed appellant that he was not welcome at the premises. After stepping between the two men, the pregnant victim was again pushed by appellant, this time falling into a rocking chair and landing on the floor. Appellant then proceeded to the kitchen area of the house, where he argued with the victim's parents, who had been feeding appellant's son. After a few moments, appellant exited the house. The victim followed and a third altercation broke out, resulting in appellant pushing the victim against a parked car.
The Elyria police responded to an emergency call, but appellant had already left the premises. The responding officer observed noticeable bruising on the victim's right upper arm and shoulder. The victim filed charges the next day against appellant, who was indicted under R.C. 2919.25(A) for domestic violence with a prior conviction of domestic violence, a fifth degree felony. After a jury trial in which appellant attempted to dismiss his counsel after no defense witnesses were put on the stand, appellant was found guilty and sentenced to six months incarceration.
Lynch timely appeals, asserting four assignments of error.
ASSIGNMENT OF ERROR NUMBER ONE
 JOE A. LYNCH'S RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED BY THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I
SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, WAS DENIED WHEN HE WAS CONVICTED OF AND SENTENCED FOR THE CRIME OF FELONY DOMESTIC VIOLENCE ON EVIDENCE WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR NUMBER TWO
 JOE A. LYNCH'S RIGHT TO DUE PROCESS OF LAW, AS GUARANTEED BY THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE I
SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION, WAS DENIED WHEN THE TRIAL COURT DENIED APPELLANT'S CRIMINAL RULE 29 MOTION FOR ACQUITTAL ON EVIDENCE WHICH WAS INSUFFICIENT AS A MATTER OF LAW.
ASSIGNMENT OF ERROR NUMBER THREE
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DENIED HIS MOTION FOR SEVERENCE [sic] OF THE PRIOR CONVICTION OF DOMESTIC VIOLENCE.
In his first assignment of error, appellant argues that his conviction was against the manifest weight of the evidence. In addressing a manifest weight of the evidence claim on review, this Court effectively sits as a "thirteenth juror." State v.Thompkins (1997), 78 Ohio St.3d 380, 387, citing Tibbs v.Florida (1982), 457 U.S. 31, 42, 72 L.Ed.2d 652, 661. The Supreme Court of Ohio has explained the standard to be applied in manifest weight cases:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
Id., quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. This examination of the record is not concerned with the mere amount of evidence; rather,
 [w]eight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."
(Emphasis sic.) Id., quoting Black's Law Dictionary (6 Ed. 1990) 1594.
In the instant case, appellant was convicted under R.C.2919.25, which provides:[3]
 (A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
* * *
 (D) Whoever violates this section is guilty of domestic violence. * * * A violation of division (A) or (B) of this section is a misdemeanor of the first degree. If the offender previously has been convicted of domestic violence * * *, a violation of division (A) or (B) of this section is a felony of the fifth degree * * *.
Thus, the prosecution had to prove that appellant (1) knowingly, (2) caused or attempted to cause, (3) physical harm, (4) to a family or household member. Further, because appellant was charged with domestic violence as a felony of the fifth degree, the prosecution had to prove that appellant had a prior conviction for domestic violence. Thorough examination of the record reveals that the verdict is supported by the manifest weight of the evidence.
In satisfying its burden, the prosecution had to prove that appellant knowingly caused or attempted to cause physical harm.[4] The prosecution presented testimony from the victim that, after she had refused appellant entry into her home, appellant grabbed the victim and pushed her into a nearby piano as he entered the home. Inside the house, the victim stepped between appellant and her father, at which point appellant again grabbed her and pushed her. The victim fell against and into a rocking chair, falling over the chair and onto the floor. Once appellant left the victim's house, there was another altercation in the driveway in which appellant pushed the victim against a car. As a result of these physical acts, the victim testified that she suffered bruising on her arm and shoulder. The officer who responded to the victim's 9-1-1 call recounted that the victim explained to him how she had been pushed against the piano and then over the rocking chair; he could not recall whether he had been informed at that time of the altercation that resulted in the victim being pushed against a car. The officer further testified that he observed "bruises on [the victim's] right upper arm that were consistent with being grabbed hard." This injury was described by the officer as "consistent with somebody grabbing and squeezing" the arm, resulting in what is termed a "pressure mark" — "when the blood vessels are broken under the skin from excessive pressure." Additionally, the victim's stepfather testified that he witnessed appellant both push the victim against the piano and then against the stepfather's car a few moments later. Given the testimony from multiple parties concerning repeated acts of physical violence and the pregnant victim's resulting physical condition, we cannot say that the jury clearly lost its way in finding that appellant acted knowingly in a manner that caused physical harm to the victim.[5]
Finally, the prosecution introduced evidence intended to prove that appellant had a prior domestic violence conviction. Appellant argues that not only was the evidence too meager to support a conviction, but also that permitting such evidence to go before the jury was in error. This argument is without merit.
In order to elevate the degree of the crime under R.C.2919.25(D), the prosecution relied upon R.C. 2945.75, which provides:
 (B) Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.
The prosecution introduced into evidence a copy of a journal entry from the Elyria Municipal Court concerning appellant's prior conviction for domestic violence. This exhibit was supplemented by testimony from the Elyria police officer who responded to the victim's 9-1-1 call. The officer stated that the information in his report pertaining to appellant's social security number, date of birth, and address corresponded with the same information found in the journal entry. Matches concerning appellant's date of birth, social security number, and physical description were also found between the journal entry and a criminal case history report on appellant. Additional testimony by another officer who arrested appellant revealed that the name, address, and social security number in that officer's arrest report matched the same information in the journal entry for the prior conviction. Given such evidence, the jury did not clearly lose its way in finding that appellant had a prior conviction for domestic violence.
Appellant also argues in his third assignment of error that "the trial court erred when it allowed information of a prior conviction of domestic violence [to] go before [the] jury." We disagree.
We have previously stated that "[a] defendant's prior criminal conviction is an essential element of the crime to be proved if it increases the crime from a misdemeanor to a felony." State v. Plas (Aug. 23, 1995), Lorain App. No. 95CA006046, unreported, citing State v. Allen (1987), 29 Ohio St.3d 53,54. As the Fourth District has explained, "where the prior conviction elevates the degree of the subsequent offense, it is an essential element of the subsequent offense and may not be bifurcated from the remainder of the elements of the subsequent offense * * *." State v. Ireson (1991), 72 Ohio App.3d 235,239, citing Allen, supra, at 54. Thus, "[e]vidence of the prior conviction is admissible to prove the later, more serious offense." State v. Day (1994), 99 Ohio App.3d 514, 517, citing Ireson, supra, at 240. The trial court acted properly in determining that evidence of the prior conviction should go before the jury as proof of an element of the offense charged.
In his second assignment of error, appellant challenges the sufficiency of the evidence presented against him, arguing that the trial court improperly denied repeated Crim.R. 29 motions. Crim.R. 29(A) provides:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses.
A trial court may not grant an acquittal by authority of Crim.R. 29(A) if "reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman
(1978), 55 Ohio St.2d 261, syllabus. In making this determination, all evidence must be construed in a light most favorable to the prosecution. State v. Wolfe (1988), 51 Ohio App.3d 215,216.
We have previously noted that, "[b]ecausesufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported. Since we have already determined that the verdict was not against the manifest weight of the evidence, we also accordingly hold that there was sufficient evidence to allow the finder of fact to conclude that each material element of the charge against appellant had been satisfied, thereby precluding the trial court from granting appellant's Crim.R. 29(A) motions.
Appellant's first three assignments of error are overruled.
ASSIGNMENT OF ERROR NUMBER FOUR
 JOE A. LYNCH WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND THE SUBSEQUENT CONVICTION WAS IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO COUNSEL.
Appellant argues in his fourth assignment of error that, "[p]ursuant to the Ohio Code of Professional Responsibility, an attorney must abide by the decisions of his client." At trial, appellant's counsel did not put on any witnesses on behalf of appellant. Appellant contends on appeal that "[t]estimony by others who may have witnessed the altercation between the parties would have cast reasonable doubt on the whole incident" and that trial counsel's failure to call any such witnesses amounted to ineffectiveness warranting a reversal. We do not find appellant's argument persuasive.
The Supreme Court set forth a two-prong test for ineffective assistance of counsel claims in Strickland v. Washington
(1984), 466 U.S. 668, 80 L.Ed.2d 674, requiring that an appellant demonstrate both that his or her counsel was deficient and that such deficiency was prejudicial to the defense. Id. at 687, 80 L.Ed.2d at 693. Courts should not apply this test mechanically, but should remain aware of the fundamental fairness of the proceeding as a whole and the issue of whether the result of the particular proceeding is unreliable because of a breakdown in the adversarial system.Id. at 696, 80 L.Ed.2d at 699. Further, since there is a presumption that a properly licensed attorney in Ohio is competent, State v. Smith (1985), 17 Ohio St.3d 98, 100, citingVaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301, the burden falls upon the appellant to prove ineffectiveness. Id., citingState v. Smith (1981), 3 Ohio App.3d 115. In order to demonstrate the accompanying requirement of prejudice, the appellant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra,
at 694, 80 L.Ed.2d at 698. Reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." Id.
We begin by noting that appellant's contention that an attorney must abide by the decisions of the client in all matters is incorrect. We have previously held that "[d]ecisions regarding the calling of witnesses are within the purview of defense counsel's trial tactics." State v. Hunt (1984), 20 Ohio App.3d 310,312, citing O'Malley v. United States (C.A. 6, 1961), 285 F.2d 733. In reviewing such trial tactics, an appellate court "must ordinarily accord deference to defense counsel's strategic choices made during trial and cannot examine the strategic choices of counsel through hindsight."State v. Owen (Mar. 1, 1990), Cuyahoga App. No. 56577, unreported, citing Strickland, supra, at 689,80 L.Ed.2d at 694.
Although appellant states that there may be witnesses who may have observed the altercation, he concludes that such witnesseswould have created reasonable doubt. Such speculative reasoning is not well taken. The Eighth District has explained that "[s]peculation as to what a witness might have said and how it would have effected [sic] the outcome is not a proper function for the reviewing court." Owen, supra, citing State v. Kolasa
(May 19, 1987), Cuyahoga App. No. 51158, unreported. We agree. Mere speculation concerning unsupported possibilities does not rise to the level of a reasonable probability that the end result of the proceeding would have been different but for the alleged error. Accordingly, appellant's fourth assignment of error is rejected.
Appellant's four assignments of error are not well taken. The judgment of the lower court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. -------------------- MARY CACIOPPO FOR THE COURT SLABY, P. J., BAIRD, J., CONCUR
[1] After conceiving the child, appellant apparently returned to his wife.
[2] No visitation order was introduced at trial, and no such order is part of the record in this case.
[3] The statute has been amended since appellant's conviction.
[4] R.C. 2901.22(B) provides that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature."
[5] The prosecution also had to prove that the domestic violence took place against a family or household member. R.C.2919.25(E) provides:
(1) "Family or household member" means any of the following:
* * *
 (b) The natural parent of any child of whom the offender is the other natural parent.
The victim stated in uncontroverted testimony that appellant was not only the father of her child, but that he also had acknowledged paternity, thus placing her within the applicable statutory definition. Appellant does not contend otherwise.