This is an appeal from a judgment of the Wood County Court of Common Pleas which, after a jury trial, found defendant-appellant, Rudy Torres, guilty of domestic violence in violation of R.C.2919.25(A), a fifth degree felony. From that judgment, Torres raises the following as error on appeal:
 "I. THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION TO BIFURCATE THE TRIAL PROCEEDINGS IN A FELONY DOMESTIC VIOLENCE CASE AND ALLOWED THE JURY TO HEAR EVIDENCE OF A PREVIOUS DOMESTIC VIOLENCE CONVICTION(S) PRIOR TO MAKING A DETERMINATION ON THE OTHER ELEMENTS OF THE OFFENSE OF FELONY DOMESTIC VIOLENCE.
 "II. THE TRIAL COURT IMPROPERLY ADMITTED EVIDENCE OF THE APPELLANT'S PRIOR CONVICTION AND SUCH ADMISSION AMOUNTED TO MORE THAN HARMLESS ERROR."
On September 3, 1997, appellant was indicted and charged with one count of domestic violence in violation of R.C. 2919.25
while previously having been convicted of domestic violence. Subsequently, appellant filed an offer to stipulate and motion inlimine in which he offered to stipulate to his prior conviction for domestic violence and asked the court to enjoin the state from referring to or using in any way information concerning or evidence of his prior conviction. The state responded, contesting the motion in limine. On March 2, 1998, the lower court filed an entry and order granting in part and denying in part appellant's motion. Specifically, the court held that the issue of a prior conviction should be bifurcated from the remaining elements of the charge. The court then stated that if the jury returned a guilty verdict on the first phase of the trial, appellant would present his stipulation to the jury for consideration of the prior conviction. The state responded with a motion for reconsideration in which it argued that the prior conviction was an essential element of the offense charged because it elevated the degree of the offense and, therefore, the court could not bifurcate the issues. Upon reconsideration, the lower court agreed with the state, vacated its entry and order of March 2, 1998 and denied appellant's motion in limine and offer to stipulate.
The case then proceeded to a jury trial. At the trial, after the state had presented its case, the parties agreed to stipulate to the prior conviction and agreed that the stipulation should, at that time, be read to the jury. The court then instructed the jury as follows:
 "Ladies and gentlemen of the jury, the prosecution has certain elements which we will read to you at the end of the case from the law. In this particular case one of those has to do with a prior conviction, and there is a stipulation between counsel for the prosecution and the defense as follows: 'Now comes the State of Ohio by and through Paul A. Dobson, Assistant Prosecutor for Wood County, Ohio, and Rudy Torres, Junior, Defendant, by and through his attorney J. Scott Hicks, and stipulate and agree to the following facts as having been established beyond a reasonable doubt for purposes of jury trial.
 "`The State and the Defendant stipulate that the Defendant Rudy Torres, Junior, was convicted of Domestic Violence, a first degree misdemeanor and a violation of Ohio Revised Code Section 2919.25(A) on April 27th, 1995, in Toledo, Ohio Municipal Court.
 "`Wherefore, the State of Ohio and the Defendant Rudy Torres, Junior, agree to stipulate to the above facts, and respectfully request it be read into the Record before the jury.'
 "Relative to that, I have a charge about that stipulation, a legal charge:
 "The evidence given to you regarding the prior conviction of the Defendant, this evidence is being given to you because one of the elements of the charge of Domestic Violence is the existence of a prior conviction. As with other elements of the charge, the existence of a prior conviction must be proven by the State beyond a reasonable doubt. You may not consider this evidence for any other purpose other than to establish the existence of a prior conviction. You are specifically instructed not to consider this evidence as determining whether the Defendant has committed any of the other elements of the present charge of Domestic Violence."
At the conclusion of the evidence, in its charge to the jury, the court again instructed the jury regarding the stipulation, and stated:
 "You're reminded the Defendant and the State agree the Defendant was previously convicted of Domestic Violence. This fact had been proven beyond a reasonable doubt. This evidence is being submitted to you because a prior domestic violence conviction is an element of the offense charged. You may not consider this evidence for any reason other than to establish the existence of a prior conviction. The evidence shall not be considered for purposes of proving that the Defendant actually committed the offense with which he is currently charged."
At the conclusion of the trial, the jury returned a verdict of guilty on the domestic violence charge and further found that appellant had previously been convicted of domestic violence. It is from that judgment and the subsequent sentence that appellant now appeals.
Because appellant's assignments of error are interrelated, we will address them together. Appellant contends that evidence of his prior domestic violence conviction was highly prejudicial to his case and that the lower court therefore erred in failing to bifurcate that issue from the elements of the underlying domestic violence charge. Appellant concedes that he failed to object to the admission of evidence of his prior conviction during the proceedings below but contends that the trial court's denial of his motion in limine and allowance into evidence of the stipulation regarding his domestic violence conviction amounted to plain error.
Appellant was convicted of domestic violence in violation of R.C. 2919.25(A), which states: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Paragraph (D) of that statute, however, provides:
 "Whoever violates this section is guilty of domestic violence. * * * A violation of division (A) or (B) of this section is a misdemeanor of the first degree. If the offender previously has been convicted of domestic violence * * * a violation of division (A) or (B) of this section is a felony of the fifth degree and a violation of division (C) of this section is a misdemeanor of the third degree."
Accordingly, where an offender is charged with a violation of R.C.2919.25(A) and has previously been convicted of domestic violence, the degree of the pending offense is enhanced from a fourth degree misdemeanor to a fifth degree felony. It is well-settled that where a prior conviction elevates the degree of a subsequent offense, the prior conviction is an essential element of the subsequent offense and may not be bifurcated from the remaining elements of the subsequent offense. State v. Ireson (1991),72 Ohio App.3d 235, 239; see, also, State v. Nievas (1997),121 Ohio App.3d 451. That is, the prior conviction is an essential element that must be proven by the state beyond a reasonable doubt.
In the present case, appellant was convicted of domestic violence on April 27, 1995. Thereafter, on September 3, 1997, he was charged with domestic violence in violation of R.C.2919.25(A). Accordingly, by operation of R.C. 2919.25(D), the offense charged was enhanced from a first degree misdemeanor to a fifth degree felony and included as an element appellant's prior conviction. The applicable case law therefore prohibited the trial court from bifurcating the element of the prior conviction and the court did not err in so holding.
Appellant further contends, however, that although he failed to object to the admission of his prior conviction, the admission of that evidence amounted to plain error because of its overwhelmingly prejudicial effect. Based on our discussion above, we fail to see how the admission of the stipulation regarding appellant's prior conviction amounted to error. Assuming arguendo
that the trial court did err in admitting that evidence, the erroneous admission of evidence does not constitute plain error "* * * unless, but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978), 53 Ohio St.2d 91,97. Moreover, an appellate court will only reverse a conviction on plain error grounds "* * * to prevent a manifest miscarriage of justice." Id. Given that the court below twice instructed the jury as to the proper weight to be given the stipulation, we fail to see how the court's admission of this evidence amounts to plain error.
Accordingly, appellant's two assignments of error are not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Wood County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 Richard W. Knepper, J.
 Mark L. Pietrykowski, J.
CONCUR.