OPINION
On December 3, 1998, the Licking County Grand Jury indicted appellant, Jack Grundy, on one count of domestic violence in violation of R.C. 2919.25(A). Said charge arose from an incident involving appellant's daughter. The indictment classified the charge as a felony due to a previous domestic violence conviction in 1991. On February 11, 1999, appellant pled no contest. On February 24, 1999, appellant filed a motion to withdraw plea claiming the charge was improperly classified as a felony offense because the 1991 conviction was the result of an uncounseled plea. By judgment entry filed March 8, 1999, the trial court granted said motion and treated appellant's argument as a motion in limine. A hearing on the issue was held on April 7, 1999. At the conclusion of the hearing, the trial court found appellant's 1991 conviction could be used to enhance the charge to a felony. Thereafter, appellant reentered his plea of no contest. By judgment entry filed April 7, 1999, the trial court found appellant guilty and sentenced him to five years of community control. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT COMMITTED HARMFUL ERROR IN ALLOWING THE STATE OF OHIO TO RELY ON THE DEFENDANT-APPELLANT'S PRIOR, UNREPRESENTED CONVICTION TO ENHANCE THE CHARGE HEREIN TO A FELONY OFFENSE.
 II THE FAILURE OF TRIAL COUNSEL TO ADEQUATELY PRESERVE THE DEFENDANT-APPELLANT'S APPELLATE RIGHTS WITH RESPECT TO THE USE OF HIS PRIOR, UNREPRESENTED CONVICTION TO ENHANCE THE INSTANT CASE TO A FELONY DENIED THE DEFENDANT-APPELLANT HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 I
Appellant claims the trial court erred in determining his 1991 conviction for domestic violence could be used to enhance the present charge from a misdemeanor to a felony. We disagree. During the April 7, 1999 hearing, it was stipulated that appellant was not indigent at the time of the 1991 case and there was no evidence to establish that appellant had waived his right to counsel. T. at 3-4. The only evidence of waiver was an unsigned form:
 THE COURT: And, Mr. Calesaric, I believe you have a form before you, do you not, concerning that issue?
 * * * MR. CALESARIC: * * * Yes, I have — we can mark it as a joint exhibit, if you would like, to have a better word for it. But it's what we normally see out of municipal court, waiver of counsel, and he did do one and is initialed by certain paragraphs. It's initialed by the paragraph that states, `you have the right to retain an attorney even if you intend to plead guilty and a right to a reasonable continuance to secure an attorney for this purpose.' But where he was supposed to sign it near the bottom, he did not.
THE COURT: Where the waiver language is?
 MR. CALESARIC: Correct. Where it talks about if he does not have the funds to hire an attorney, the Judge will appoint one to represent him.
T. at 4-5.
Appellant was not incarcerated as a result of the 1991 conviction. Appellant was sentenced to thirty days in jail, all suspended, was placed on two years probation, and was ordered to attend a domestic violence group and pay a $100 fine plus court costs. See, Journal Entry filed April 15, 1991 attached to the State's Motion Contra as Exhibit 1. The state argues that under Nichols v. United States (1994), 511 U.S. 738, the absence of the waiver of trial counsel coupled with the fact that appellant was not indigent was not a constitutional impediment to the enhancement of the charge from a misdemeanor to a felony. Appellant argues Nichols does not apply because said case involved the use of a prior uncounseled DUI conviction in determining the criminal history of the accused in the sentencing process. The use of the 1991 domestic violence conviction sub judice is an element of the offense charged as indicated in the indictment: The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that Jack E. Grundy, on or about the 14th day of November, 1998, at the County of Licking aforesaid or otherwise venued in Licking County, pursuant to Ohio Revised Code Section 2901.12, did knowingly cause or attempt to cause physical harm to Tina M. Lanham, a family or household member, the said Jack E. Grundy, having previously been convicted of Domestic Violence, to-wit: Licking County Municipal Court, Case Number 91CRB551, wherein, the said Jack E. Grundy, entered a plea of guilty on the 15th day of April, 1991, was found guilty on that same date, and was sentenced to thirty (30) days at the Licking County Justice Center, of which thirty (30) days were suspended, fined $100.00, plus court costs, and two year's probation, in violation of Section 2919.25(A) of the Ohio Revised Code, a felony of the fifth degree.
We concur that a predicate misdemeanor offense which enhances the degree of crime is in fact an element of the offense: Where the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and need not be alleged in the indictment or proved as a matter of fact. State v. Allen (1987), 29 Ohio St.3d 53, 29 OBR 436, 506 N.E.2d 199, syllabus. Conversely, where the prior conviction elevates the degree of the subsequent offense, it is an essential element of the subsequent offense and may not be bifurcated from the remainder of the elements of the subsequent offense pursuant to R.C. 2941.142 or 2941.143. Allen, supra, at 54, 29 OBR at 437, 506 N.E.2d at 200; State v. Swiger (1987),34 Ohio App.3d 371, 518 N.E.2d 972; see, also, State v. Henderson (1979), 58 Ohio St.2d 171, 12 O.O.3d 177, 389 N.E.2d 494, which held that evidence of a prior theft conviction was admissible to prove an essential element of the subsequent offense of grand theft, i.e., an offense of an elevated degree.
State v. Ireson (1991), 72 Ohio App.3d 235, 239-240. The state suggests this distinction has been addressed by the federal circuit courts in Morre v. Jarvis (C.A.11, 1989), 885 F.2d 1565,1572-1573, wherein the court held the following: The concern motivating Baldasar [v. Illinois (1980), 446 U.S. 222], and the rationale underlying it, however, apply only with respect to defendants who were indigent at the time of their prior conviction(s), for only in their cases will it have been the state's failure to provide appointed counsel during the prior proceeding that precipitated the defendant's incarceration for a term attributable to a conviction for which he received no representation. In short, a non-indigent defendant who eschews representation by retained counsel in one criminal proceeding has no claim under Baldasar when, in a subsequent proceeding, the state offers a conviction obtained in the first proceeding as the predicate for an enhanced penalty under a repeat-offender statute. In such a case, the state will not have circumvented its duty under Scott [v. Illinois (1979), 440 U.S. 367] in the first proceeding, as none will have been owed, and the state will not have unconstitutionally "had it both ways."
Expressed differently, we do not read Baldasar to forbid predication of an enhanced term of imprisonment upon any conviction obtained in a proceeding in which the defendant did not have counsel. Instead, we read Baldasar to forbid only the sentencing of a defendant to an increased term of incarceration solely upon consideration of a prior conviction obtained in a proceeding for which, due to the indigence of the defendant or some misconduct of the State, counsel was unavailable to the defendant. (Emphasis sic.)
In State v. Gerwin (1982), 69 Ohio St.2d 488, 491, the Supreme Court of Ohio addressed the affect of the Baldasar decision upon the enhancement provisions of R.C. 2913.02(B) which is similar to the provisions of R.C. 2919.25(D) sub judice: Applying Scott and Baldasar to the facts at issue, we conclude that it was not necessary for Gerwin to have been represented by counsel at the prior misdemeanor conviction. First, the line of cases represented by Scott and Baldasar require appointed counsel only when actual imprisonment is imposed. In this case, Gerwin was not imprisoned, instead she was fined, with all but $150 of the fine suspended on the condition that she obtain counseling. Clearly, the lack of imprisonment means that appointed counsel was not required at the prior misdemeanor conviction. Secondly, the record does not indicate that Gerwin was indigent or financially unable to obtain counsel in the prior conviction. The requirement of appointed counsel in Scott and prior cases * * * was for indigent defendants. Thus, Gerwin did not qualify on that basis. (Footnote omitted.)
In the syllabus, the Gerwin court held "[a]n uncounseled misdemeanor conviction for theft may be used under the enhancement provision of R.C. 2913.02(B) to convert the subsequent misdemeanor into a felony when no actual imprisonment results." Based upon this syllabus and the facts presented sub judice (no proof of indigency, no imprisonment in predicate misdemeanor, no waiver of counsel) we find the trial court was correct in sentencing appellant for a felony domestic violence conviction. Assignment of Error I is denied.
 II
Appellant argues in the alternative if Assignment of Error I is denied for failure to properly perfect the issue for appeal that his trial counsel was ineffective. We find with the filing of the motion to withdraw plea which was converted to a motion in limine, the no contest plea and the briefing and arguments on the issue at plea and at sentencing, the issue was properly perfected. Assignment of Error II is moot.
The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By: Farmer, J. Hoffman, P.J. and Edwards, J. concur.