DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, James Spencer, appeals from his conviction of driving under the influence in the Cuyahoga Falls Municipal Court. We affirm.
This case is presented to us on the following agreed statement of the evidence pursuant to App.R. 9(C):
 "James Spencer was arrested on March 5, 1997, and was charged with one count of operating a vehicle under the influence of alcohol in violation of O.R.C. § 4511.19. The case proceeded to trial by jury on May 22, 1997. Officer Kaufman, on direct examination, testifying beyond the scope of the question asked, answered that James Spencer stated, while in custody, "I don't need any more DUIs." The attorney for James Spencer objected and moved for a mistrial, which Judge Pike denied. Judge Pike then instructed the jury to disregard the statement made by Officer Kaufman. James Spencer had only one previous conviction of operating a vehicle under the influence. Spencer was convicted of the offense on May 23, 1997. In the instant action, a motion for new trial was filed. Judge Pike denied this Motion."
Spencer timely appealed and raised the following assignment of error:
 THE LOWER COURT ERRED IN DENYING A MOTION FOR A MISTRIAL UPON THE ARRESTING OFFICER'S DISCLOSURE TO THE JURY THAT THE DEFENDANT HAD PREVIOUSLY BEEN CONVICTED OF OPERATING A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL.
We first address an issue raised by the state, the timeliness of Spencer's challenge. The state contends that, because Spencer filed his notice of appeal thirty days after the trial court's judgment that denied his motion for new trial, he cannot raise issues relating to the earlier judgment of conviction. Pursuant to App.R. 4(A)(3), however, Spencer's motion for new trial extended the time in which Spencer could appeal from his conviction and sentence. Spencer's challenge to the trial court's denial of his motion for mistrial, therefore, is timely.
Spencer's ability to demonstrate the merit of his challenge is plagued by a different problem. Because Spencer's trial apparently was not recorded, he submitted only the agreed statement of the evidence, quoted above. The details of his trial are brief and fail to indicate what other evidence was admitted at trial.
Spencer relies on State v. Allen (1987), 29 Ohio St.3d 53, in which the Ohio Supreme Court upheld the appellate court's reversal of Allen's DUI conviction because evidence of his two prior DUI convictions had been improperly admitted at trial. Crucial to the reversal of Allen's conviction, however, was the conclusion by both reviewing courts that the error was not harmless. Id. at 55. In determining whether the improper admission of evidence is harmless, the reviewing court must consider the error "in relation to the other evidence in the case." State v. Bayless (1976),48 Ohio St.2d 73, 107. Because Spencer has provided us with an inadequate record to conduct such a review, he has failed to demonstrate reversible error. The assignment of error is overruled.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit, Cuyahoga Falls Municipal Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ JOHN R. MILLIGAN, FOR THE COURT
SLABY, P. J.
BAIRD, J., CONCUR
(Milligan, J., retired Judge of the Fifth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)