OPINION
Defendant-appellant Kenneth H. Weber appeals his conviction and sentence in the Canton Municipal Court on one count of operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
At approximately 9:30 p.m. on February 5, 1997, Sherry Taylor returned to her home at 13310 Parkview, N.W. Uniontown, Ohio, to find appellant, her live-in boyfriend, in the driver's seat of his parked car, slumped over the steering wheel. Appellant had left the motor running. Taylor pulled her car into the garage, entered the house, and phoned the Uniontown Police Department because she believed appellant was under the influence of alcohol.
Patrolmen Anderson and Cowell of the Uniontown Police Department were dispatched to Taylor's home. When the officers arrived, they illuminated the area with spotlights and observed a white male slumped over the steering wheel of the vehicle. Upon approaching the car, the patrolmen realized the vehicle was running. Patrolman Anderson walked to the driver's side of the automobile while Patrolman Cowell positioned himself at the passenger's side.
After the officers knocked on the car windows with their flashlights approximately half a dozen times, appellant lifted his head, looking dazed. The officers instructed appellant to turn the motor off, which he did after some hesitation. Thereafter, the patrolmen instructed appellant to step out of the car. When appellant opened the door, the officers detected a strong odor of alcohol. As he exited the vehicle, appellant held onto the car to stabilize himself. Appellant's eyes were glassy and bloodshot, and his speech was slurred.
After initial questioning, Patrolman Cowell proceeded to the house to speak with Taylor. Appellant consented to Patrolman Anderson's conducting field sobriety tests. Upon completion of the tests, the patrolman concluded appellant was under the influence of alcohol and placed him under arrest. The officer verbally informed appellant of his Miranda rights. Appellant was transported to the Uniontown Police Department. At the police department, appellant refused to submit to a urine test for alcohol concentration. Consequently, his driver's license was placed under an administrative license suspension (hereinafter "ALS") pursuant to R.C. 4511.191.
At his arraignment on February 10, 1997, appellant entered a plea of not guilty to the charge. On February 25, 1997, appellant filed an appeal of his ALS. The trial court scheduled an ALS hearing for February 26, 1997. After hearing evidence, the trial court found no evidence to establish appellant "had operated the motor vehicle anywhere other than in his own driveway" and, as such, terminated the ALS. March 25, 1997 Judgment Entry.
On April 21, 1997, appellant filed a Motion to Suppress. The trial court scheduled a hearing on the motion for April 29, 1997. At appellant's request, the trial court continued the hearing until May 8, 1997. Thereafter, the trial court rescheduled the hearing, at appellant's request, from May 8, 1997, until July 3, 1997. On June 27, 1997, appellant filed a Motion to Continue the July 3, 1997 hearing date. Via Order dated June 27, 1997, the trial court granted the motion and rescheduled the hearing for July 17, 1997.
On July 14, 1997, appellant's trial counsel informed the trial court he had a conflict with the July 17, 1997 date. The trial court suggested the matter be submitted on briefs and the transcript from the ALS hearing. After counsel agreed with the trial court's suggestion, the court advised counsel to obtain the consent of the Assistant City Prosecutor. Counsel never submitted a written motion to continue nor did the trial court issue a journal entry continuing the matter.
On July 17, 1997, the State appeared with its witnesses, ready to proceed with the hearing. Neither appellant nor his trial counsel appeared at the hearing. For the record, the trial court recounted its July 14, 1997 conversation with appellant's counsel. The State indicated its desire to present additional evidence and would not consent to submitting the matter on briefs. Via Judgment Entry dated July 17, 1997, the trial court dismissed appellant's motion to suppress finding appellant waived his right to litigate the issues raised therein by his failure to appear at the July 17, 1997 hearing.
The matter proceeded to trial on July 22, 1997. During her direct examination, Taylor testified she had been at an Al-Anon meeting during the evening of the incident. When questioned further, Taylor explained Al-Anon is "to help friends and family of alcoholics." Transcript of the Proceedings, July 22, 1997, p. 20. Appellant's counsel objected and moved for a mistrial, arguing appellant was irreparably harmed by the prejudicial effect of the answer. The trial court overruled the motion for a mistrial, but sustained the objection. Thereafter, the trial court instructed the jury to disregard Taylor's answer.
Appellant's trial counsel moved for a mistrial a second time when Patrolman Anderson, while discussing the consequences of a person's refusal to submit to a urine test, commented, "if they refuse to submit to a urine test for a second offense such as in this case, it's a one year * * *" Tr. at p. 84. The trial court again overruled appellant's motion, sustained the objection, and instructed the jury to disregard Patrolman Anderson's remark.
After hearing the evidence and deliberations, the jury found appellant guilty of D.W.I. The trial court sentenced appellant to 180 days in jail, but suspended all but 90 days of the sentence conditioned upon two years good behavior. The trial court also ordered appellant to complete Quest Recovery Program.
It is from this conviction and sentence appellant prosecutes this appeal raising the following assignments of error:
 I. THE COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS.
 II. THE COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION FOR A MISTRIAL.
 III. THE COURT ERRED IN DENYING APPELLANT'S MOTION FOR ACQUITTAL BECAUSE THE APPELLANT COULD NOT AS A MATTER OF LAW HAVE BEEN FOUND TO BE OPERATING A MOTOR VEHICLE.
 I
In his first assignment of error, appellant maintains the trial court erred in denying his motion to suppress.
The applicable standard of review is abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams
(1980), 62 Ohio St.2d 151, 157 (Citations omitted).
Appellant filed his motion to suppress on April 21, 1997. The trial court originally scheduled the matter for hearing on April 29, 1997. The trial court continued the hearing three times; each continuance was at appellant's request. On July 17, 1997, the fourth scheduled hearing date, neither appellant nor his counsel appeared for the hearing. The State appeared with its witnesses, ready to proceed.
The trial court conducted the following dialogue with the prosecutor:
 THE COURT: This is Case 97TRC01126, State of Ohio versus Kenneth H. Weber. This matter has been set for a hearing on the Defendant's Motion to Suppress Evidence today. And, Miss Guardado is here representing the State of Ohio. Neither the Defendant nor his Counsel, Mr. Haupt, are present. Miss Guardado?
 MS. GUARDADO: Your Honor, Kristen Guardado, on behalf of the State of Ohio. * * * There was a Motion to Suppress, then, set up for April 29th, 1997. At that time, it was then continued to May 8th, 1997. At that time, it was the [sic] again continued at Defendant's request to July 3rd, 1997; at which time, Mr. Haupt, again, asked for another continuance until May — I'm sorry — July 17th, which is today. At this time, he's not here. I believe he's in a trial, another trial; he has not filed a motion to continue on this matter. There's nothing in the record that indicates to him. For the record, I'd like to indicate that Julie Haymond from our office, I was in our office when she called Mr. Haupt's office indicating that they said this case was off, and she said, had indicated to them that it was not off, that we have officers coming in, witnesses coming in for this case. That was yesterday, approximately 4:30 in the afternoon. Mr. Haupt, or his office, has never got back to us regarding this case. And we're here today ready to proceed and go forward.
* * *
 THE COURT: Okay. I'd note for the record that on Monday, July the 14th, Mr. Haupt made an unscheduled visit to my office; indicated to my Secretary and myself that he had a conflict for today in regard to a case he was handling over in Common Pleas Court, indicated that he was going to be asking for another continuance. At that time, I made the suggestion that if the case could be heard on the transcript form the ALS hearing and on briefs, that that might be a way to resolve it. He indicated that's how he wanted to resolve it. My Secretary then told him to check with Miss Haymond, to get her consent, and that is the last that the Court has heard from Mr. Haupt. There was never a written motion to continue filed, and there has not been any journal entry continuing this case. Under the circumstances, this matter having been continued at least three or four times prior to today, . . .
MS. GUARDADO: Your Honor, just for — for the record . . .
 THE COURT: . . . Is there a motion to dismiss the motion?
 MS. GUARDADO: Yeah — and just, for the record, the State of Ohio has not, never been contacted as to that conversation.
* * *
Transcript of the Proceedings, July 17, 1997, pp. 4-6.
Because the trial court had previously rescheduled the matter on three different occasions and appellant failed to move either orally or by written motion for a continuance of the fourth hearing date, we find the trial court did not abuse its discretion in dismissing appellant's motion to suppress.
Furthermore, based upon the facts adduced at trial, we find appellant's motion to suppress would not have been successful if the trial court heard evidence on the issues raised therein. The police were called to 13310 Parkview, N.W. at the homeowner's request. When the officers arrived at Taylor's residence in order to investigate the call, they were justified in knocking on the car window in order to assess the situation. (We note the officers did not initiate a stop of appellant.) After further investigation, probable cause existed to effectuate appellant's arrest (see, Statement of the Facts and Case, supra). Accordingly, we find appellant was not prejudiced by the trial court's dismissal of his motion to suppress.
Appellant's first assignment of error is overruled.
 II
In his second assignment, appellant contends the trial court erred in denying his motion for a mistrial. Appellant explains the trial court should have granted a mistrial when the prosecutor elicited testimony from Taylor regarding her attendance at an Al-Anon meeting and the purpose of Al-Anon, and when the prosecutor questioned Patrolman Cowell as to the effect of appellant's refusal to submit to the urine test.
"The granting or denying of a mistrial under Crim.R. 33 rests within the sound discretion of the trial court." State v.Sage (1987), 31 Ohio St.3d 173, 182 (Citation omitted). "An appellate court will not disturb the exercise of that discretion absent a showing that the accused has suffered material prejudice." Id. (Citations omitted).
During her direct examination, Taylor testified she attended an Al-Anon meeting on the evening of February 5, 1997, prior to discovering appellant passed out in his vehicle. When the prosecutor asked, "You were with Al-Anon?", Taylor responded, "That's to help friends and family of alcoholics." July 22, 1997 Tr., p. 20. The possible inference being appellant is an alcoholic.
Prior to trial, appellant did not file a motion in limine to prevent the State from questioning Taylor regarding the Al-Anon meeting. Although the prosector's comment, "You were with Al-Anon?" and Taylor's response thereto are highly prejudicial and have little relevance, we find the trial court did not err in denying appellant's motion for a mistrial at this point in the proceedings because the court sustained appellant's objection and instructed the jury to disregard Taylor's answer. Juries are presumed to follow and obey the instructions given to them by the trial court. See, Parker v. Randolph (1979), 442 U.S. 62, 74-5;State v. Franklin (1991), 62 Ohio St.3d 118, 127. Accordingly, we find there is sufficient evidence to affirm the trial court's denial of appellant's first motion for a mistrial.
However, when Patrolman Cowell testified regarding the effect of appellant's refusal to submit to a urine test, the jury again hears evidence appellant has a problem with alcohol and had a prior conviction as a result of that problem. Although the trial court sustained appellant's objection to the officer's testimony and instructed the jury to disregard the same, we find the synergistic effect of Patrolman Cowell's and Taylor's testimony was prejudicial to appellant.
In State v. Allen (1987), 29 Ohio St.3d 53, 55, the Ohio Supreme Court stated:
 The existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule. The undeniable effect of such information is to incite the jury to convict based on past misconduct rather than restrict their attention to the offense at hand. For this reason we do not consider the trial court's admonitions to the jury that [defendant's] prior convictions are immaterial to his guilt of the present charge sufficient to cure the error. Nor are we persuaded that [defendant] would have been convicted absent the disclosure to the jury of [defendant's] two prior conviction.
 Id. at 55 (Citations omitted).
Although we are persuaded the jury likely could have found appellant guilty of the offense charged without the aforementioned witness responses, we find the combined effect of the statements of the officer and appellant's girlfriend sufficiently prejudicial to undermine appellant's right to a fair trial. Accordingly, we reverse appellant conviction and sentence and remand the matter for a new trial.
Appellant's second assignment of error is sustained.
 III
In his third assignment of error, appellant argues the trial court erred in denying his motion for acquittal. Specifically, appellant asserts the evidence did not support a finding he was operating a motor vehicle.
R.C. 4511.19 provides, in part:
 (A)No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:
 (1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse * * *
Appellant submits because he was asleep in his car, which was parked in his own driveway, he was not "operating" his vehicle as contemplated by R.C. 4511.19(A)(1).
In State v. Cleary (1986), 22 Ohio St.3d 198, 199, the Ohio Supreme Court held:
 Operation of a motor vehicle within contemplation of this statute is a broader term than mere driving and a person in the driver's position in the front seat with the ignition key in his possession indicating either his actual or potential movement of the vehicle while under the influence of alcohol or any drug of abuse can be found in violation of R.C. 4511.19(A)(1).
In the instant action, appellant was asleep in the driver's seat of his car. The keys were in the ignition and the motor was running. The vehicle was under appellant's control. In accordance with the Supreme Court's holding in Cleary, supra, we find appellant was operating his vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1). The fact appellant was in the driveway of a private residence does not affect the outcome of the instant action. See, State v. McGlone (1991),59 Ohio St.3d 122 ("[A]n intoxicated person who is in the driver's seat of a motor vehicle parked on private or public property with the key in the ignition is operating the vehicle in violation of R.C. 4511.19(A)(1)."). We find the trial court did not err in denying appellant's motion for acquittal.
Appellant third assignment of error is overruled.
The judgment of the Canton Municipal Court is affirmed in part, reversed in part, and remanded for new trial.
By: Hoffman, J., Wise, J. concurs.
Gwin, P.J. dissents.