DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Marcus Elms, has appealed from a conviction by the Lorain County Court of Common Pleas for Aggravated Trafficking in Drugs. We affirm.
Defendant was indicted for knowingly selling or offering to sell cocaine in an amount less than the minimum bulk amount in violation of R.C. 2925.03(A)(1). Included in the indictment was a specification for conducting the prohibited sale within one thousand feet of a school.
A jury trial was conducted on this matter starting August 8, 1997, but ended in a mistrial when the jury declared that it was deadlocked. Following a second trial, the jury found Defendant guilty. He was sentenced to serve five to fifteen years imprisonment. Defendant timely appealed and raised four assignments of error for review. The first two assignments of error will be addressed simultaneously for ease of discussion.
ASSIGNMENT OF ERROR I
 Admission of irrelevant and unfairly prejudicial testimony regarding a search of the residence five (5) days earlier deprived [Defendant] [of] his right to a fair trial.
ASSIGNMENT OF ERROR II
 The admission of hearsay testimony deprived [Defendant] [of] his right to confrontation guaranteed by the Sixth Amendment to the United States Constitution and Article I, Section 10
of the Ohio Constitution.
Defendant's conviction resulted from the illegal sale of two rocks of crack cocaine to a confidential informant on March 12, 1996. On that date, a confidential informant went to a targeted area in order to make a controlled buy. The informant was wired and carried money that had been previously photocopied by the police. At the time of the encounter with Defendant, the informant had already completed one buy that day from Damon "Smooth" Purvey. The informant had returned to make a second buy from Mr. Purvey but was unable to locate him. The informant had previously been instructed to attempt to locate another seller in the event that Mr. Purvey was unavailable. The informant contacted Charlandra Seymore, a.k.a. Newmie Capers, seeking her assistance in locating a dealer. Although she at first directed the informant to Mr. Purvey, upon being informed of his unavailability, she said she would inquire elsewhere for him. Ms. Capers returned with Defendant. Defendant sold two rocks of crack cocaine to the for forty dollars.
Five days prior to this sale, the Lorain Police Department narcotics unit conducted a search of Anthony Calhoun's residence after Mr. Calhoun complained of alleged drug activity taking place at his home. The police uncovered various items of drug paraphernalia and approximately seven grams of crack cocaine that had just been cooked. Defendant was found on the premises at that time and was identified by Mr. Calhoun as the individual who had cooked the crack cocaine. In addition to Defendant and Mr. Calhoun, Damon Purvey, Newmie Capers, Vanessa Moon, and Gloria Garner were also found on the premises. Defendant was taken to the police station for questioning but no charges were filed at that time.
Defendant, in his first two assignments of error, has challenged the legality of the admission of evidence relating to the search of Mr. Calhoun's residence five days prior to the sale of crack cocaine with which he was charged. Defendant challenges the admissibility of this evidence on two grounds. First he has claimed that the testimony regarding the prior search is evidence of a prior bad act that cannot be used in the current trial. Second, Defendant has challenged the evidence on the basis that the testimony relating to the search is hearsay that should have been excluded.
A trial court enjoys broad discretion in determining the admissibility of evidence and its decision should not be reversed absent an abuse of discretion that has caused the defendant to suffer material prejudice. State v. Davis (August 21, 1991), Medina App. No. 1952, unreported, 1991 Ohio App. LEXIS 4008, at *3, citing State v. Hymore (1967), 9 Ohio St.2d 122, 128. As a general rule, submitting evidence of a defendant's prior offenses to a jury constitutes prejudicial error in the absence of a rule or statute that specifically permits such evidence. State v. Allen
(1987), 29 Ohio St.3d 53, 55.
Evid. R. 404(B) addresses the admissibility of evidence of prior bad acts and reads as follows:
 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
Additionally, the Ohio Supreme Court has imposed two requirements that must be met prior to the use of "other acts" evidence: (1) substantial evidence must prove that the other acts were committed by the defendant as opposed to another person, and (2) the evidence shall fall within one of the theories of admissibility listed in Evid.R. 404(B). State v. Williams (November 1, 1995) Summit App. No. 16418, unreported, at ___, citing State v. Broom
(1988), 40 Ohio St.3d 277, 282-83, certiorari denied (1989),490 U.S. 1075, 104 L.Ed.2d 653.
In this case, the evidence met the standard enunciated by the Supreme Court for admissibility. The police conclusively established Defendant's identification on the day of the search when they took the Defendant into custody, and the evidence regarding the search of Mr. Calhoun's residence meets several factors enumerated in Evid.R. 404(B). The evidence was not offered to show conformity with previous bad acts in an attempt to besmirch the defendant's character. Rather, it was offered to show opportunity, preparation, and plan. The prior acts shared the necessary "temporal, modal and situational relationship with the acts constituting the crime charged" to be admissible. Statev. Broom (1988), 40 Ohio St.3d 277, 282, citing State v. Burson
(1974), 38 Ohio St.2d 157, 159.
The incident that occurred at Mr. Calhoun's residence and the sale at issue in this case happened within five days of each other. Both circumstances involved the same participants, Defendant, Newmie Capers, Vanessa Moon, and Damon Purvey. It was Newmie Capers that placed the informant in contact with Defendant. Finally, the sale took place directly outside of the residence that was the subject of the previous search. In light of the proximity in time, place, and personnel, the evidence was properly admitted under Evid. R. 404(B) to establish opportunity, preparation, and plan.
Defendant has alleged that the statements offered by Detective Super were hearsay and should not have been admitted. As a general rule, out of court statements offered to prove the truth of the matter asserted are hearsay and are not admissible. Evid.R. 801(C) 802. Statements offered to explain a police officer's conduct while investigating a crime are not hearsay.State v. Price (1992), 80 Ohio App.3d 108,110. As such, these statements are not offered for their truth, but as an explanation of the process of investigation. See State v. Braxton (1995),102 Ohio App.3d 28, 49.
The statement by Detective Super which is the subject of Defendant's second assignment of error was a clarification of the witness' testimony in response to a question by defense counsel regarding whether Defendant was a "target" of the police department. The statement was offered to explain why the department pursued the investigation into Defendant's involvement in drug trafficking. As such, this statement was not hearsay and was thus properly admitted. Defendant's first and second assignments of error are without merit and are overruled.
ASSIGNMENT OF ERROR III
 [Defendant] was denied his right to effective assistance of counsel guaranteed by the Sixth Amendment to the United
States Constitution and Article I, Section 10 of the Ohio
 Constitution by counsel's failure to withdraw from representation and testify on his behalf.
Defendant has argued that he was denied effective assistance of counsel because his attorney chose not to withdraw from the case and testify on his behalf.
The United States Supreme Court has set forth a two-part test to determine if a conviction or sentence should be reversed based upon ineffective assistance of counsel. Strickland v. Washington
(1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693. First, the defendant must show that counsel's performance was deficient. Id.
This meet this standard Defendant must be able to prove, "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, Defendant must then establish that the deficient performance by counsel was serious enough that it resulted in prejudice to the defendant proving "errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id.
The Supreme Court of Ohio set out a substantially similar standard in State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, holding "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." In light of the similarity between the federal and state standard, Defendant's claims of federal and state constitutional violations will be addressed together.
"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, supra at 689, 80 L.Ed.2d at 694. There are numerous ways for counsel to provide effective assistance in any given case. This Court gives great deference to counsel's actions and "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." See Id. In light of these facts, debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45,49, certiorari denied (1980), 449 U.S. 879,66 L.Ed.2d 102.
Defendant has argued that his counsel should have withdrawn from the case and testified that he was unable to identify the confidential informant. Defendant's counsel made a strategic decision regarding whether or not he should testify on Defendant's behalf. It is apparent that he felt that his testimony was not necessary to rebut the prosecution's testimony regarding Mr. Elms' identification of the informant as the "snitch." Four individuals testified with regard to Defendant's statement identifying the informant, including two police officers, an assistant prosecutor, and Defendant. Two of those individuals were called to testify by the defense. Defendant was the only witness to testify that he was unable to identify the informant when asked by his counsel. Furthermore, Defendant has failed to provide proof as to what defense counsel's testimony would have been had he testified. In light of the evidence presented, even assuming that defense counsel would have concurred in Defendant's version of the facts, it is certainly not apparent that one more witness testifying to this matter would have had such a profound impact upon the case so as to insure a reasonable probability of a different outcome.Strickland, supra at 694. Therefore, defense counsel's decision not to withdraw did not deprive Defendant of a fair trial. Defendant's third assignment of error is without merit and is hereby overruled.
ASSIGNMENT OF ERROR IV
 The trial court committed plain error and imposed an illegal sentence upon [Defendant] when the sentence imposed after
 July 1, 1996, for an offense committed before July 1, 1996, was not the lesser penalty under the law effective July 1, 1996, as required by R.C. 1.58(B), which was neither amended nor repealed by Section 5 of Senate Bill 2 or section 3 or 269.
The Supreme Court of Ohio held in State v. Rush (1998),83 Ohio St.3d 53, paragraph two of the syllabus, that the amended sentencing provisions of Senate Bill 2 apply only to those crimes committed on or after July 1, 1996. The Court further held that the language referencing R.C. 1.58(B) is not an unconstitutional attempt to amend this section, but rather is merely a clarification of the General Assembly's intent regarding the application of S.B. 2. Id. at 57. Therefore, Defendant was properly sentenced according to the applicable sentencing guidelines. His fourth assignment of error is without merit and is overruled.
Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY
FOR THE COURT BATCHELDER, J.
CONCURS BAIRD, P.J.
 CONCURS IN JUDGMENT ONLY