OPINION
Curtis James Hunter was found guilty by a jury in the Montgomery County Court of Common Pleas of aggravated trafficking in cocaine with a specification that he had been previously convicted of aggravated trafficking. He was sentenced by the trial court to five to fifteen years for aggravated trafficking, three years of which were actual incarceration due to the prior offense specification.
The state's evidence established the following version of events. Shortly after midnight on the morning of June 22, 1996, Dayton Police Officers David House and Joseph Oldham were patrolling Lexington Avenue on bicycles. As they rode down the street, the officers observed several individuals near a parked car, two of whom were crouched behind the open rear passenger door of the car. When the officers approached the group, Hunter stood up from behind the open door and placed a cigar wrapper and some marijuana on top of the car, stating "It's just weed, man." Hunter also held a baggie of marijuana in his hand. Officer House, who intended to cite Hunter for minor misdemeanor possession of marijuana, decided to frisk Hunter for weapons before issuing the citation. When House patted the front left pocket of Hunter's shorts, he felt a hard object. Hunter attempted to flee before House was able to determine what the hard object was. House had been holding onto the back of Hunter's shorts and managed to push Hunter to the ground and complete the frisk with some help from Oldham. The officers then discovered four rocks of crack cocaine in Hunter's left pocket and arrested him.
Hunter pled not guilty and filed a motion to suppress. The trial court held a hearing on the motion on October 9, 1996 at which Officer House testified for the state and Lindale Stanley, a friend of Hunter who was present at the time of his arrest, testified for the defense. The trial court overruled the motion to suppress on October 18, 1996. Hunter failed to appear in court on October 23, 1996, which resulted in the issuance of a capias warrant. Hunter was arrested on the warrant in August 1998.
Hunter was tried by a jury on November 2 and 3, 1998. He was found guilty of aggravated trafficking and of having been previously convicted of a felony drug abuse offense. He was sentenced as described supra. Although the indictment also included a prior offense of violence specification which would have served to enhance Hunter's penalty, the trial court found that this specification was "superfluous" insofar as the jury had already found him guilty of a specification.
Hunter filed a notice of appeal. His appellate attorney filed a brief in accordance with Anders v. California (1967),386 U.S. 738, 87 S.Ct. 1396, in which he stated that he could find no arguably reversible error in the record. In his brief, the attorney discussed two potential assignments of error, but concluded that the arguments were without merit. Hunter was then granted sixty days in which to file a pro se brief. His brief, which was styled as a letter to the court, raised three additional issues. We will address each of these issues as well as our own review of the record.
In his first potential assignment of error, Hunter's appellate attorney asserts that evidence of Hunter's prior conviction for aggravated trafficking in drugs should not have been presented to the jury because it prejudiced the jury against him. The supreme court has held, however, that when a prior offense elevates the degree of the crime in question, it "transform[s] the crime itself" and is an essential element of the offense that must be proved by the state. State v. Allen (1987),29 Ohio St.3d 53, 54. The supreme court contrasted this situation with one in which a prior offense merely enhances the penalty for a subsequent offense; in that situation, the existence of a prior offense "ordinarily * * * should not be revealed to the jury unless specifically permitted under statute or rule" because of the inflammatory nature of the information. Id. at 54-55. Pursuant to the former R.C. 2925.03(C)(1)(c), which was in effect when Hunter committed the offense at issue in this case, aggravated trafficking is a felony of the second degree, rather than a felony of the third degree, if the offender has previously been convicted of a felony drug abuse offense. Accordingly, Hunter's prior offense was an element of the crime which the state was required to prove to the jury, and the state was compelled to present evidence of that offense to the jury. The appellate attorney correctly determined that this argument did not have arguable merit.
The appellate attorney also assigns as a potential assignment of error the jury instructions related to Hunter's prior conviction. The trial court instructed the jury, inter alia, that it could consider Hunter's prior felony conviction in weighing his credibility and that it could not consider that evidence "to prove the character of the defendant in order to show that he acted in conformity with that character." Hunter did not object to the instructions except to reiterate his position that he thought the issue of a prior conviction should be "within the realm of the court and not the jury." The attorney concluded that there was no error with regard to the jury instructions provided by the trial court. We agree that the jury instructions were proper.
Hunter raises three issues in his pro se argument to this court. First, he contends that he was illegally searched because the police claimed to have been conducting a "drug sweep" but he was the only person searched. He also claims that he was searched because he stood up to the police and asked why they were harassing him and his friends. The record of the suppression hearing does not contain any support for Hunter's version of events. The allegations upon which Hunter relies were not presented to the court until he testified at trial. We must confine our review of the trial court's decision on the motion to suppress to the evidence before the trial court at that time. At the suppression hearing, no evidence was presented that the officers had been engaged in a "drug sweep"; rather, Officer House testified that, while riding down the street on bicycles, he and Oldham had observed a group of people crouched down around a car. House stated that, when Hunter saw the officers approaching, he had placed an unrolled cigar wrapper containing marijuana on the hood of the car and said "It's just weed, man." House also testified that Hunter had held a baggie containing more marijuana in his hand. The defense witness, Stanley, testified that only the two women in the group had been smoking marijuana by the car, that the women's marijuana had been sitting on the car when the police approached, and that Hunter had not held any marijuana in his hand. Stanley did not testify that the officers had claimed to have been engaged in a drug sweep or that Hunter had challenged the officers for harassing the group of friends.
In addition to the fact that Hunter's factual allegations regarding a "drug sweep" and harassment were unsupported by the record, the trial court could have reasonably believed Officer House's version of the events rather than Stanley's version. The trial court has broad discretion to determine the credibility of witnesses and the weight to be given the evidence. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Officer House's account, if believed, certainly created a reasonable suspicion that Hunter had been engaged in criminal activity justifying an investigatory stop. See United States v. Cortez
(1981), 449 U.S. 411, 417-418, 101 S.Ct. 690, 695; Terry v. Ohio
(1968), 392 U.S. 1, 21-22, 88 S.Ct. 1868, 1880. Further, the totality of the circumstances supported Officer House's conclusion that he should search Hunter for the officers' safety: it was late at night in an area known for drug activity; Hunter was, in fact, engaged in drug activity; and the officers, who were on bikes, were outnumbered by Hunter and his friends. See Terry, supra,392 U.S. at 27, 88 S.Ct. at 1883; State v. Bobo (1988), 37 Ohio St.3d 177, paragraphs one and two of the syllabus.
Hunter also cites R.C. 2943.05 and R.C. 2943.06 at length, although his argument in this respect is unclear. Hunter states, "Your Honor and the prosecuting attorney both stated the[y] can't ignore the law of the Ohio Revise[d] Code and the[y] both did as stated by 2943.05 of the Ohio Revise[d] Code and 2943.06 of the Ohio Revise[d] Code. All they wanted to do is win the case and make sure I go to prison." We note, however, that neither R.C.2943.05 nor R.C. 2943.06 applied to Hunter's case. These statutes apply to cases in which a defendant is charged relating to an offense for which he claims he has already been tried or put in jeopardy. Although Hunter had previously been convicted of aggravated trafficking, there was no evidence that the facts surrounding that conviction also gave rise to the new charge. Thus, these statutes were not relevant to the proceedings in the trial court.
Hunter further complains that his rights were violated in that the state presented evidence of his prior convictions to the jury after the trial court had ruled that evidence relevant to the prior offense of violence specification should not be presented to the jury. The state elicited testimony that Hunter had previously been convicted of possession of a weapon while under disability and of theft. Hunter correctly recognizes that the prosecutor was not entitled to present evidence to the jury to establish his prior offense of violence because the specification was relevant to sentencing only. Thus, pursuant to Allen, supra, the court was required to consider this evidence outside of the presence of the jury. Nonetheless, the state was entitled to present evidence of a prior felony drug abuse offense as an element of the charged offense, as discussed supra, or of a prior felony involving dishonesty pursuant to Evid.R. 609(A)(3). In other words, the court's ruling that evidence that Hunter had committed a prior offense of violence should not be presented to the jury did not preclude the state from presenting evidence of other convictions on different grounds.
Finally, Hunter seems to argue that evidence of his prior offenses should not have been presented to the jury because the law had changed between the date of the offense and the date of trial such that a prior offense no longer served to enhance the degree of the crime. Because the amended sentencing provisions of Am.Sub.S.B. No. 2 are applicable only to those crimes committed on or after its effective date of July 1, 1996, Hunter was properly sentenced under the provisions in existence at the time of the offense. See State v. Rush (1998), 83 Ohio St.3d 53, paragraph two of the syllabus.
In addition to reviewing the potential errors proposed by Hunter and by his attorney, we have independently reviewed the entire record and find that there is no arguable basis for reversal on appeal. Accordingly, the judgment of the trial court will be affirmed.
FAIN, J. and YOUNG, J., concur.
Copies mailed to:
Johnna M. Shia
Michael J. Howley
Curtis James Hunter
Hon. Barbara P. Gorman