DECISION AND JOURNAL ENTRY
Defendant, Nicholas C. Baker, has appealed from his convictions for burglary and failure to comply with the signal or order of a police officer. We affirm.
On March 30, 1999, Defendant was indicted on one count of burglary, in violation of R.C. 2911.12(A)(1); failure to comply with the order or signal of a police officer, in violation of R.C.2921.331(B); and driving under suspension, in violation of R.C.4507.02(B)(1). The prosecution dismissed the count for driving under suspension prior to trial. Following a jury trial in which the jury was unable to reach a unanimous verdict, a mistrial was declared. Following a second jury trial, Defendant was found guilty of the two remaining counts of the indictment and was sentenced accordingly. Defendant timely appealed and has raised four assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court erred in, following the mistrial, reversing the interlocutory order of the judge in the first trial and allowing the State to introduce "other acts" evidence under Evid.R. 404(B) in the re-trial.
In his first assignment of error, Defendant has essentially argued (1) that the trial court in the retrial was bound by the evidentiary rulings of the trial court in the initial trial; and (2) the trial court erred by permitting other acts evidence to be introduced in the retrial in violation of Evid.R. 404(B). These arguments will be addressed separately for ease of review.
 A. Effect of Prior Rulings
In the first part of this assignment of error, Defendant has alleged that in the initial trial the trial court excluded other acts evidence relating to a previous burglary. He contends that in the retrial the trial court erred by subsequently admitting evidence relating to said burglary. Defendant has argued that it is "fundamental[ly] unfair for a court to change an evidentiary ruling, albeit interlocutory, in the [S]tate's favor[.]" The State has argued that the ruling was a proper exercise of the trial court's discretion over evidentiary issues.
A review of the record indicates that the trial court in the retrial heard arguments at sidebar by both sides regarding the exclusion of evidence dealing with a prior burglary. It then excused the jury and listened to the testimony of all three potential witnesses. Following the trial court's review of the witnesses' testimony and after considering the arguments by both sides, the trial court permitted the testimony to be offered by the State regarding the prior burglary as it related to the question of identity. The trial court, prior to the presentation of the disputed testimony, clarified for the jury what it would be hearing so as to avoid confusion and then instructed the jury with regard to the proper use of said testimony.
This Court notes that a trial court enjoys broad discretion in determining the admissibility of evidence and its decision should not be reversed absent an abuse of discretion that has caused Defendant to suffer material prejudice. State v. Davis
(August 21, 1991), Medina App. No. 1952, unreported at 3, citingState v. Hymore (1967), 9 Ohio St.2d 122, 128. Defendant has pointed to absolutely nothing that would indicate that the trial court abused its discretion when it evaluated the evidence in question. Additionally, Defendant has admitted that there is a complete lack of authority to support his position requiring the trial judge in a retrial to comply with the evidentiary rulings of the original trial judge. In light of the lack of evidence of an abuse of discretion and the lack of any supporting authority binding the trial court to previous court's rulings in other trials, this Court refuses to limit the trial court's discretion in making evidentiary rulings in the manner proposed by Defendant.
Additionally, this Court notes that Defendant has failed to provide us with any record of the rulings made by the trial court in the original trial. In fact, the record is completely devoid of any information regarding the first trial outside of the parties' assertions of what previously happened. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Thus, since there is no record of the previous court's rulings before this Court, we must presume that the trial court evaluated the evidentiary questions before it in an appropriate manner.
 B. Other Acts Evidence
In his second assertion of error, Defendant has argued that the evidence of the previous burglary was improperly admitted, other acts evidence. Specifically, Defendant has argued that the previous burglary was in no way connected to the one in question and thus was too dissimilar to support the admission of evidence to prove identity. Therefore, Defendant has argued that the evidence was improperly admitted.
As a general rule, submitting evidence of a defendant's prior offenses to a jury constitutes prejudicial error in the absence of a rule or statute that specifically permits such evidence. Statev. Allen (1987), 29 Ohio St.3d 53, 55. Evid.R. 404(B) addresses the admissibility of evidence of prior bad acts and reads as follows:
 [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]
Additionally, the Ohio Supreme Court has imposed two requirements that must be met prior to the use of "other acts" evidence: (1) substantial evidence must prove that the other acts were committed by the defendant as opposed to another person, and (2) the evidence shall fall within one of the theories of admissibility listed in Evid.R. 404(B).State v. Williams (November 1, 1995) Summit App. No. 16418, unreported, at 28, citing State v. Broom (1988),40 Ohio St.3d 277, 282-83, certiorari denied (1989),490 U.S. 1075, 104 L.Ed.2d 653.
In this case, the evidence met the standard enunciated by the Supreme Court for admissibility. The evidence was not offered to show conformity with previous bad acts in an attempt to besmirch the defendant's character. Rather, it was offered to show identity. The prior acts shared the necessary "temporal, modal and situational relationship with the acts constituting the crime charged" to be admissible. State v. Broom (1988),40 Ohio St.3d 277, 282, citing State v. Burson (1974),38 Ohio St.2d 157, 159.
The previous incident testified to at trial was a burglary. In that case, Defendant had broken into a home during the morning hours on a weekday. Defendant parked his vehicle in the driveway of the home being entered. The lock on the door was damaged and the doorframe was splintered. In this case, the victim testified that the burglar entered her home at approximately 9:30 a.m. on Thursday, March 25, 1999, and that he had parked his car in her driveway. As shown by the photographs admitted at trial, the doorframe had been splintered and the lock had been damaged in the burglary. In light of the similarities in time of day, means of entry, and place entered, the evidence was properly admitted under Evid.R. 404(B) to establish identity.
Defendant has also argued that there was insufficient evidence presented to meet the second requirement that there be substantial evidence to prove that the other acts were committed by Defendant as opposed to another person. The testimony at trial showed that at the time of the first burglary, a neighbor wrote down the license plate number of the car driven by the burglar. That car was licensed to Defendant. Additionally, a short time after the burglary, Defendant was observed wearing boots that made a tread mark in the snow identical to that made outside of the victim's home. Therefore, there was sufficient evidence to indicate that Defendant was the one who committed the first burglary.
Defendant's first assignment of error is without merit and is overruled.
 ASSIGNMENT OF ERROR II The trial court erred in failing to grant [Defendant's] Crim.R. 29 motion to dismiss the burglary charge following the conclusion of the States (sic) evidence.
 ASSIGNMENT OF ERROR III [Defendant's] conviction for burglary was contrary to the manifest weight of the evidence.
In his second and third assignments of error, Defendant has argued that his conviction for burglary was against the manifest weight of the evidence and was based upon insufficient evidence. This court disagrees.
The function of an appellate court on review is to assess the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, a reviewing court must view the evidence in the light most favorable to the prosecution. Id.; State v. Feliciano
(1996), 115 Ohio App.3d 646, 652.
While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion. State v. Thompkins (1997),78 Ohio St.3d 380, 390 (Cook, J., concurring). In making this determination, we do not view the evidence in the light most favorable to the prosecution. Instead, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This action is reserved for the exceptional case where the evidence weighs heavily in favor of the defendant. Id. at 340. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis sic.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Upon review of the evidence presented at trial, Defendant's conviction for burglary was not against the manifest weight of the evidence and thus was sufficient as a matter of law. Pursuant to R.C. 2911.12(A)(1), a person is guilty of burglary if he "by force, stealth, or deception * * * [t]respass[es] in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of an offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense[.]" The elements for this conviction were conclusively proven at trial.
On March 25, 1999, the victim, Viola Pappano, was at her home alone. She was in the basement doing laundry at approximately 9:30 a.m. when she heard what sounded like someone pounding upon her door upstairs. She walked up the stairs and saw an intruder standing inside her home. The front door had been locked. Ms. Pappano began to scream at the intruder and he fled from the home holding his hands in front of his face. Ms. Pappano ran to the door and witnessed the intruder fleeing in a champagne colored Mercury Sable that had been parked in her driveway. She called the police and was able to give them a description of the intruder and the car driven by him. Ms. Pappano described the intruder as a white male with dark brown, longer hair and a scruffy beard and mustache. She was able to tell the police that the intruder was around 5'8" or 5'9" in height, slender in his build, and described his age as late 30's. She told them that he was wearing blue jeans and a red jacket.
The police sent out a dispatch call regarding a burglary in progress giving a description of the car and describing the intruder. A short distance from the scene of the burglary, Sergeant Bruce Robb spotted Defendant driving a champagne colored Mercury Sable. Sergeant Robb made eye contact with Defendant but Defendant quickly averted his eyes, arousing suspicion in Sergeant Robb. Deputy Warren was also in the immediate vicinity at the time the dispatch was received and was in a second cruiser directly behind Sergeant Robb. Sergeant Robb alerted Deputy Warren of his suspicions and indicated that this might be the burglary suspect they had just been alerted to by the dispatch.
Both cruisers pulled behind Defendant and activated their lights and sirens. Defendant did not stop and proceeded to turn onto the entrance ramp for Interstate 77. Sergeant Robb then pulled alongside Defendant, established eye contact with Defendant, and motioned twice by hand for him to pull over, but Defendant failed to comply. Sergeant Robb then pulled in front of Defendant and slowed down to get him to stop, but Defendant proceeded and Sergeant Robb was forced to accelerate to avoid being hit. Sergeant Robb then pulled his car ahead of Defendant and stopped so Defendant was forced to stop or hit Sergeant Robb's cruiser. Defendant then stopped. Sergeant Robb and Deputy Warren used a felony traffic stop procedure and ordered Defendant from his car at gunpoint. Defendant's demeanor was described as very casual and cavalier. Defendant was handcuffed, searched and placed in the back of the police cruiser.
After Defendant was transferred downtown to the Detective Bureau, Detective Gina McFarren interviewed Defendant regarding his whereabouts that morning. Defendant stated that he had taken a bus from Akron to Green that morning. He said that the bus dropped him off at 8:20 a.m. He then walked to his sister's house from the bus stop. After having a brief conversation with his niece, Defendant took the keys to his sister's car and left her house at approximately 8:40 or 8:50 a.m. Defendant explained that he borrowed his sister's car to drive down to Canton to look for a job. Defendant then stated that he drove to McDonald's at Arlington Road and went through the drive-thru. Defendant explained that although his intended destination was south, he drove north to the Arlington Road McDonald's because he was unaware that the McDonald's at Massillon Road existed. Defendant then stated that he drove to Speedway and got seven dollars worth of gas.
Detective David Rodgers testified that after Defendant was taken into custody, his vehicle was secured and towed. Detective Rodgers searched the vehicle and retrieved a McDonald's receipt dated the date of the burglary. The phone number on the receipt indicated that it was from the McDonald's located on Massillon Road and not the McDonald's on Arlington Road as indicated by Defendant. Detective McFarren also testified that she retrieved the videotape surveillance from the Speedway gas station located at Arlington Road for the time in question and Defendant is not depicted on the videotape as having entered the Speedway. Deputy Douglas Smith, an intake officer with the Summit County Jail, testified that when Defendant was processed upon admission to the jail, he did not have any credit cards on his person with which he could have paid for the gasoline at the pump.
Defendant has argued that because the victim was unable to identify him as the intruder, his conviction was against the manifest weight of the evidence and insufficient as a matter of law. Upon review of the evidence presented at trial, this is not the case. Defendant fit the description given by Ms. Pappano to the police. He was stopped a short distance from the victim's home, only minutes after the intruder fled from the scene of the crime, in a car matching the description given to police. Defendant was wearing clothing that matched that described by Ms. Pappano. Additionally, Defendant's statements about his whereabouts on the morning of the crime were illogical and could have been construed by the jury as untrue. Finally, the jury could have established Defendant's identity as the perpetrator through the similarities between this crime and that committed previously. As at trial, direct and circumstantial evidence are weighed equally. State v. Jenks, 61 Ohio St.3d at paragraph one of the syllabus. Therefore, Defendant's identification as the perpetrator of this offense was not against the manifest weight of the evidence and thus was based upon sufficient evidence.
Defendant has also argued that his conviction should be reversed since the State failed to establish that he had the requisite intent to commit a criminal act as required by R.C.2911.12(A)(1). In support of this argument Defendant points to the fact that the burglary was interrupted and nothing was removed from the house. Defendant has essentially argued that because no further crimes were committed, the State failed to prove intent. We disagree.
The intent of an accused person is only in his mind and is not readily ascertainable by another. State v. Huffman (1936),131 Ohio St. 27, paragraph four of the syllabus. Therefore, it cannot be proven by direct evidence or testimony but must instead be determined by the surrounding facts and circumstances. Id.
The Tenth District Court of Appeals has held that "[t]here is a reasonable inference that one who forcibly enters a dwelling * * * does so with the intent to commit a theft offense in the absence of circumstances giving rise to a different inference." State v.Flowers (1984), 16 Ohio App.3d 313, paragraph one of the syllabus.
It has been established that the victim's residence was forcibly entered, the door lock was broken, and the door was splintered. From these facts surrounding the entry into the victim's home, it could be inferred that Defendant entered the home with the requisite criminal intent. The mere fact that Defendant's criminal intentions were thwarted before he could act upon them does not negate the existence of such intentions during the course of the trespass. Therefore, Defendant's arguments are without merit.
As discussed above, the identification of Defendant as the perpetrator was not against the manifest weight of the evidence and thus was supported by sufficient evidence. Additionally, this Court finds that all elements of R.C. 2911.12(A)(1) were conclusively proven rendering Defendant's conviction sufficient as a matter of law. Therefore, Defendant's second and third assignments of error are overruled.
 ASSIGNMENT OF ERROR IV The trial court erred in sentencing [Defendant] to eight years, the maximum term of incarceration, for the conviction of burglary, without stated (sic) the basis of said sentence as required by R.C. 2929.14.
Defendant has argued that the trial court erred by sentencing him to the maximum possible length of incarceration without making the findings required under R.C.2929.14, however, Defendant has failed to provide this Court with a transcript of the sentencing proceedings. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Therefore, in the absence of a complete transcript of the sentencing proceedings, we are compelled to presume that the trial court stated the requisite reasons upon the record at that time in accordance with R.C. 2929.14 and State v.Edmonson (1999), 86 Ohio St.3d 324. Defendant's fourth assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT, CARR, J., WHITMORE, J., CONCUR