OPINION
Defendant-appellant, Marie A. Kaiser, appeals her conviction in the Columbiana County Court, Northwest Area, for DUI.
Prior to the case at hand, appellant had been convicted of DUI twice within the past six years — on January 3, 1996, and again on August 7, 1998. According to appellant, the August 7, 1998 conviction was amended from second-offense DUI to first-offense DUI.
On September 21, 1999, appellant was again stopped and charged with third-offense DUI. Appellant filed a motion to have the charge amended to second-offense DUI, arguing that since her August 7, 1998 conviction was amended to first-offense DUI the present charge could only be considered second-offense DUI. Plaintiff-appellee, represented by the Columbiana County Prosecutor's Office, filed a memorandum in opposition. The trial court denied appellant's motion.
Pursuant to a negotiated plea agreement, appellant pled no contest to third-offense DUI on October 16, 2000. The court sentenced appellant to 180 days in jail, suspending 150 of those days on certain conditions. This appeal followed.
Appellant's sole assignment of error states:
 "THE TRIAL COURT ERRORED [sic] WHEN THE COURT FOUND THAT THE DEFENDANT'S CHARGE WAS THE THIRD OFFENSE WITHIN 6 YEARS WHEN THE COURT RECORD PRESENTED TO JUDGE ROBERTS SHOWED THE SECOND OFFENSE WAS DEFINED AS A FIRST OFFENSE BY A PRIOR TRIBUNAL."
Appellant attempts to analogize her case to those where it was found that a defendant's uncounseled prior DUI conviction could not be used to enhance the penalty for a subsequent conviction. Appellant's concern lies with the mandatory thirty-day term of imprisonment that goes along with a conviction for third-offense DUI.
R.C. 4511.99(A)(3)(a) provides, in part:
"[I]f, within six years of the offense, the offender has been convicted of or pleaded guilty to two violations [of a DUI], the court shall sentence the offender to a term of imprisonment of thirty consecutive days and may sentence the offender to a longer definite term of imprisonment of not more than one year."
In State v. Allen (1987), 29 Ohio St.3d 53, the Ohio Supreme Court held that where the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and is strictly a sentencing consideration for the court.
As the statute indicates, the existence of appellant's prior convictions does not elevate the degree of the offense and serves only as a sentencing consideration for the court in her present case. Therefore, the trial court did not err in denying her motion to amend the charge.
Furthermore, appellant has never maintained that her two prior convictions were uncounseled. Simply because the court in appellant's August 7, 1998 case amended the charge from second-offense to first-offense does not mean that appellant's January 3, 1996 conviction was uncounseled. The amendment could have just as likely been the result of a negotiated plea agreement. In addition, R.C. 4511.99(A)(3)(a) specifically refers to two violations (of a DUI) and that is exactly what occurred here.
Accordingly, appellant's sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Vukovich, J., and Waite, J., concurs.