[Cite as *State v. Gales*, 2012-Ohio-3143.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26199 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ELLIOTT CHEVELLE GALES | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2011 03 0734 (B) |

DECISION AND JOURNAL ENTRY

Dated: July 5, 2012

DICKINSON, Judge.

## INTRODUCTION

{¶1}   Elliott Gales pleaded guilty to operating a motor vehicle so as to willfully elude or flee a police officer, a felony of the third degree under Section 2921.33.1(B) of the Ohio Revised Code. The trial court sentenced him to three years in prison. Because Mr. Gales had previously been found guilty of an offense under the same section, the court also suspended his driver's license for life under Section 2921.33.1(E). Mr. Gales has appealed the lifetime suspension of his driver's license, arguing that whether he had previously been convicted under Section 2921.33.1 had to be alleged in the indictment and proven beyond a reasonable doubt. We affirm because whether Mr. Gales had a prior conviction under Section 2921.33.1 did not enhance the degree of his offense and, therefore, did not need to be alleged in the indictment or proved by the State.

## PRIOR CONVICTION

{¶2} Mr. Gales's assignment of error is that the trial court incorrectly suspended his driver's license for life. According to Mr. Gales, whether he had a prior conviction under Section 2921.33.1 had to be alleged in the indictment and proved beyond a reasonable doubt.

{¶3} In *State v. Allen*, 29 Ohio St. 3d 53, syllabus (1987), the Ohio Supreme Court held that, "[if] the existence of a prior conviction enhances the penalty for a subsequent offense, but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense, and need not be alleged in the indictment or proved as a matter of fact." Under Section 2921.33.1(E), "[i]n addition to any other sanction imposed for a violation of this section, the court shall impose a class two suspension from the range specified in division (A)(2) of section 4510.02 of the Revised Code. If the offender previously has been found guilty of an offense under this section, the court shall impose a class one suspension as described in division (A)(1) of that section."

{¶4} Whether Mr. Gales had previously been convicted of an offense under Section 2921.33.1 increased the penalty for his offense but did not elevate the degree. Accordingly, the fact that he had been found guilty under Section 2921.33.1 did not have to be "alleged in the indictment or proved as a matter of fact." *State v. Allen*, 29 Ohio St. 3d 53, syllabus (1987). Mr. Gales's assignment of error is overruled.

## CONCLUSION

**{¶5}** Because Mr. Gales's prior conviction under Section 2921.33.1 enhanced the penalty but did not elevate the degree of his subsequent offense under that section, it was not an essential element of the subsequent offense. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P.J.
CARR, J.
CONCUR

APPEARANCES:

ADAM VAN HO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD KASAY, Assistant Prosecuting Attorney, for Appellee.